In the Matter of **ELOISE CURTIS, INC.,** Bankrupt.
**JAMES TALCOTT, INC., Appellant,**
v.
**James G. FOLEY, Trustee, Appellee.**
**No. 116, Docket 31094.**

United States Court of Appeals Second Circuit.

Argued Oct. 20, 1967.

Decided Dec. 29, 1967.

Julius J. Abeson, New York City (Harry A. Margolis, Marks F. Paskes, W. Randolph Montgomery, and Hahn, Hessen, Margolis & Ryan, New York City, on the brief), for appellant.

Melvin Lloyd Robbins, New York City, for appellee.

Before WATERMAN, MOORE and HAYS, Circuit Judges.

HAYS, Circuit Judge:

In Matter of Eloise Curtis, Inc., 326 F.2d 698 (1964) this court had before it for review an order of the district court confirming an order of the referee in bankruptcy disapproving the New York Credit Men's Adjustment Bureau, Inc. (Bankruptcy Act § 2a(17), 11 U.S.C. § 11(a)(17) (1964)) which had been elected by the creditors as trustee in the bankruptcy of Eloise Curtis, Inc. (Bankruptcy Act § 44a, 11 U.S.C. § 72(a) (1964))

and appointing James G. Foley, Trustee. We interpreted the referee's order as holding that the Bureau was ineligible as a matter of law to serve as trustee because it had previously been designated assignee for the benefit of creditors. We reversed on the ground that the referee was in error in holding that an assignee for the benefit of creditors is per se ineligible to serve as trustee and remanded the case for the purpose of permitting the referee to exercise his discretion in determining whether to approve the choice of the Bureau as trustee.

In the same order in which he disapproved the creditors' selection of the Bureau as trustee, the referee designated a new trustee. This raised the question of whether the Bankruptcy Act authorized the referee to designate a successor trustee or whether a new election by the creditors was required. In remanding the order for further consideration with respect to disapproval of the Bureau, we declined to pass upon the other issue, the power of the referee to designate a successor trustee.

The controversy is now before us again. The referee has held extensive evidentiary hearings and has reached the conclusion, as a matter of discretion, that the Bureau is disqualified to serve as trustee in this case. This result was affirmed by the district court and that court's order has been appealed here by James Talcott, Inc., the largest general creditor of the bankrupt.

We affirm the determination of the referee and of the district court with respect to the referee's disapproval of the Bureau as trustee. The referee has also redesignated James G. Foley as trustee without holding another creditors' election to fill the vacancy created by the removal of the Bureau and the district court has affirmed the order in this respect also. We affirm this determination as well.

I.

The district court has confirmed the referee's findings that, in the following particulars, the Bureau while acting as assignee for the benefit of creditors, fell

short of the standard of performance of its duties to which it should have adhered:

(1) The Bureau carelessly confounded the assets of two separate corporations, Eloise Curtis, Inc. and Young Things, Inc. and then inconsistently acquiesced in dividing the administration of their insolvencies between the federal and state courts.

(2) The Bureau neglected to press for the recovery of assets in the form of accounts receivable by failing to ascertain from the company to which the accounts were assigned as security for loans the exact status of the accounts and by failing to protect Curtis and Young Things against what appear to be improper charges made against the accounts by the assignee.

(3) The Bureau failed to check on inventory consisting of dress goods in the hands of sewing contractors and made no attempt to salvage any part of the value of such inventory.

(4) The Bureau neglected to recover for Curtis the surrender value of life insurance policies on the lives of corporate officials.

The referee's findings must be accepted unless they are clearly erroneous. General Order 47; Rule 52(a), Fed.R.Civ.P.

■■ In view of the evidence in this record supporting the findings of the referee we cannot say that he has abused his discretion in disapproving the designation of the Bureau as trustee.

## II.

Upon disapproving the creditors' choice of a trustee, the referee, without submitting the matter to the creditors for the purpose of holding another election, has himself designated a trustee.

The statute does not clearly state whether, when a trustee elected by the creditors has been disapproved, another election must be held or a new trustee is to be appointed by the referee. Section 44a of the Bankruptcy Act, 11 U.S.C. § 72(a) (1964), provides:

"If the creditors do not appoint a trustee or if the trustee so appointed fails to qualify as herein provided, the court shall make the appointment."

Section 50b, 11 U.S.C. § 78(b) (1964) provides that trustees "shall qualify by entering into bond."

■ Section 45, 11 U.S.C. § 73 (1964), which is entitled "Qualifications of Receivers and Trustees"[1] requires that a trustee be "competent to perform [his] duties."[2]

The difficulty of interpretation is as to whether, under the provision of Section 44a, the referee may appoint a trustee only when the person elected by the creditors has failed to file a bond under Section 50b or whether the referee may also appoint, and need not hold another election, when he has disapproved the choice of the creditors as unqualified.

The difficulty cannot be satisfactorily resolved solely by analysis of the statutory language[3] although the use of the word "Qualifications" in Section 45 may be thought of as linking the competence requirement of that section to the requirement of qualifying under Section 44a.

Resort to the legislative history is not very enlightening. We are cited to, and we find, only one passage which reflects

---

1. The United States Code titles this section "Referees and trustees; qualifications." The language used in the Statutes at Large, quoted above, is controlling. See 1 U.S.C. § 204(a) (1964); Stephan v. United States, 319 U.S. 423, 426, 63 S.Ct. 1135, 87 L.Ed. 1490 (1943).

2. While the requirement of competence in Section 45 literally extends only to individuals and not to corporations, it is obvious that under Section 2a(17) the referee may disapprove the choice of a corporate trustee on the ground of incompetence. See our decision in Matter of Eloise Curtis, Inc., 326 F.2d 698 (2d Cir. 1964) where the validity of this proposition was assumed.

3. But see Comment, Appointing a Trustee: A Second Chance for Creditors?, 34 Fordham L.Rev. 488 (1966).

directly the intent of Congress in adopting Section 44a, to wit:

"The section [44a] is further amended to provide that if a trustee appointed by the creditors fails to qualify, a trustee shall be appointed by the court. Under the present law, in case of the failure of the trustee to qualify, a new election must be held which results in the expense and delay of calling another meeting of creditors." (Analysis of H.R. 12889, 74th Cong., 2nd Sess. (1936) at 157; House Judiciary Committee Report No. 1409 on H.R. 8046 (Chandler Act), 75th Cong., 1st Sess. (July 29, 1937), § 2(h)(7), p. 16.

The two principal treatises provide little assistance since they are divided on the point. Remington says that the referee has no "right" to appoint a trustee after disapproval of the creditors' choice, 2 Remington, Bankruptcy §§ 1104–05, at 562 (5th ed. 1956) (footnote omitted). Collier, referring to the passage in the Analysis quoted above, states that the referee has the power to appoint where he has disapproved the creditors' choice. 2 Collier, Bankruptcy ¶44.11, at 1661 (14th ed.1966).

█ In reaching the conclusion that the referee has the power to appoint a trustee when he has disapproved the choice of the creditors, we have been influenced, among other considerations which we mention hereafter, by the fact that there appears to be no reasonable basis for singling out the circumstance of the failure to file a bond for special treatment. We can see no reason why the referee should have the power to appoint when the trustee fails to qualify with respect to a bond but should not have the same power when the failure to qualify is based upon incompetence. Whatever the reasoning which led the Congress to give the referee the power to appoint in the instance of failure to file a bond, it seems that the same reasoning must apply to failure to qualify because of incompetence.

When the creditors have had an opportunity to elect a trustee and have chosen a person who is not qualified to serve, there is no convincing ground for giving the creditors another chance to make a choice. While the principle of creditor control may justify acceding to the creditors in the matter of a first choice, it constitutes no such compelling consideration as to require that the person who ultimately serves as trustee *must* be chosen by the creditors. The instant case presents a situation which is unfortunately typical of bankruptcies generally. The general creditors who seek to choose the trustee actually have no vindicable financial interest in the bankrupt estate. The figures as to assets show that after the payment of priority claims, principally federal, state and municipal taxes, there will be nothing left for the general creditors to collect. That this is a common experience is demonstrated by the figures cited in Judge Wyatt's opinion in this case. He shows that in only 12.7% of the "straight bankruptcy" cases are there any assets left after deducting costs of administration and that in these cases the general creditors received 7.5% of their claims. Obviously the real battle in most cases is one of lawyers and others for the power to administer the bankrupt estate. The creditors themselves, who will receive little or nothing for their pains, are unlikely to take any genuine interest in the choice of a trustee. In view of this circumstance the reasons for allowing the creditors to make a second choice seem less than decisive.

Whatever else the Chandler Act was designed to accomplish, one of its principal purposes clearly was to reduce the expense and the delays of bankruptcy administration. The holding of a second election where the creditors' first choice has been disapproved will contribute additional expense and delay, with little expectation of accomplishing any substantial gain for the creditors themselves. Moreover, if we were to accept appellant's view that the creditors have the right to elect in case of disqualification there is no reason to believe that a second selection will be any better qualified than the first. There is, on the contrary, a genuine danger of a continued power struggle between the creditors and the referee

with attendant additional delay and expense.

For the reasons we have given we hold that under Section 44a the referee has power to appoint a trustee when he has disapproved the selection of the creditors.

The order of the district court is, therefore, affirmed in all respects.