In re Ronald J. PARR, Alfred R. Parr, Debtors.

Bankruptcy Nos. 79–B–1643, 79–B–2205.

United States Bankruptcy Court, E. D. New York, at Westbury.

March 24, 1980.

---

1. Leave to appeal to this court was granted pursuant to 28 U.S.C. § 1334(b).

Weil, Gotshal & Manges, New York City, for Flushing Savings Bank, by Michael L. Cook, New York City.

Davis, Polk & Wardwell, New York City, for ITT; Stephen Case, New York City, of counsel.

## MEMORANDUM DECISION AND ORDER

ROBERT JOHN HALL, Bankruptcy Judge.

Flushing Savings Bank (hereinafter "Flushing") has moved this Court for an order authorizing creditors to elect a standby trustee. For the reasons set forth in this decision, Flushing's motion is denied.

### I.

The relevant history of this motion is as follows. On June 12, 1979 Ronald Parr filed a petition for an arrangement under Chapter XI of the Bankruptcy Act. On July 24, 1979 the first meeting of creditors was held. At that meeting Ronald Parr's creditors elected William Goldman as standby trustee.

On August 3, 1979 Alfred Parr filed a petition for an arrangement under Chapter XI of the Bankruptcy Act. On August 27, 1979 a first meeting of creditors was held. At that meeting Alfred Parr's creditors elected William Goldman standby trustee.

On October 9, 1979, Mr. Goldman advised the Court that should the Parrs be adjudicated bankrupts, he would not be able to qualify as trustee because of a conflict of interest.[1]

Thereafter, on December 28, 1979 Flushing moved this Court for an order authorizing creditors to elect a standby trustee under section 44a of the Bankruptcy Act.

## II.

■ Flushing contends that under section 44a of the Bankruptcy Act creditors have the right to elect a standby trustee, when that "office" becomes vacant. The problem is that, despite Flushing's assertions to the contrary, no such vacancy exists. While Mr. Goldman has advised this Court that he would not be able to qualify as trustee, Mr. Goldman has never actually "resigned" from the office of standby trustee.[2] However, assuming arguendo that the "office" of standby trustee is vacant, Flushing's reliance on Bankruptcy Act section 44a is misplaced. Bankruptcy Act section 44a does not apply in Chapter XI cases. *Collier on Bankruptcy* has stated that:

> Section 44a, which is a part of Chapter V of the Act, provides for the appointment of a trustee by creditors at their first meeting, or after a vacancy has occurred in the office, or after an estate has been reopened. But insofar as section 44a provides for the appointment of a trustee, it is inapplicable in section 322 cases because it is inconsistent and in conflict with the provisions of Chapter XI. There is no first meeting of creditors during this Chapter XI administration of a section 322 case similar in all respects to the first meeting under section 55(a). There is no bankruptcy administration under section 322 case similar in all respects to the first meeting under section 55(a). There is no bankruptcy administration in

section 322 case as there may be in a 321 case. *The nomination and appointment of a trustee in a section 322 case covered by section 338 and section 378a(2) of Chapter XI, and those sections are therefore controlling.* The appointment of a trustee during the Chapter XI administration of a section 322 case is in conflict with section 338 and section 378(a)(2). *Section 338 provides for the mere nomination of a trustee during the Chapter XI administration of the case, and provides for the qualification of the trustee nominated only if it becomes necessary to administer the estate in bankruptcy.* 8 Collier, Bankruptcy ¶ 5.49[3] pp. 735–736 (14th ed. 1972). (emphasis supplied)

Neither Chapter XI of the Bankruptcy Act, nor the Chapter XI rules give creditors the right to elect a standby trustee, when the standby trustee fails to qualify. Bankruptcy Act section 378a(2) and Federal Rule of Bankruptcy Procedure (hereinafter "Bankruptcy Rule") 122(4) govern the procedure to be followed when the standby trustee nominated by the creditors fails to qualify.

Bankruptcy Act section 378a(2) provides in pertinent part, that:

> Upon the entry of an order directing that bankruptcy be proceeded with—. . . the trustee nominated by creditors under this chapter shall be appointed by the court, *or if the trustee so nominated fails to qualify within five days after notice to him of the entry of such order a trustee shall be appointed by the court.* (emphasis supplied)

In addition, Bankruptcy Rule 122(4) provides that:

> When an order is entered in a Chapter X, XI, XII or XIII case directing that the case continue as a bankruptcy case, procedure shall be as follows:

---

1. It appears that Mr. Goldman's firm had become counsel for a corporation, one of whose principal shareholders is Edwin Fleck. Mr. Fleck is connected with a mortgage participation group which Flushing represents. *See* Transcript of hearing held on October 9, 1979, pp. 45–47.

2. It should be noted that Mr. Goldman attended the hearing held on October 23, 1979 in these cases.

(4) A trustee shall be appointed by the court and notified pursuant to Rule 209(c), and shall qualify pursuant to Rule 212, unless . . . (B) a standby trustee has been nominated in a superseded case, in which event he shall be immediately notified pursuant to Rule 209(c) and, within five days after receipt of notice, shall qualify in the manner provided by Rule 212 . . .

*If a trustee notified under this paragraph fails to qualify or to enter upon performance of his duties, the court shall appoint a trustee pursuant to Rule 209.* (emphasis supplied)

Bankruptcy Act section 338 and Bankruptcy Rule 11–27(a) give creditors the initial right to elect a standby trustee.

However, the standby trustee so elected has no official status during the Chapter XI proceeding.

But whereas Section 338 provides for the "nomination" of a trustee in the Chapter XI case who is "appointed" by the court in the event of adjudication, Rule 11–27 provides for the "election" of a stand-by trustee who qualifies in the event it becomes necessary to administer the estate in bankruptcy. The result is the same. The "standby" trustee elected under Rule 11–27 has no more official status than does the trustee "nominated" under section 338. He cannot qualify or act during the Chapter XI administration of the case. *Only if the Court enters an order pursuant to Rule 11–42 adjudicating the debtor a bankrupt if he has not already been previously so adjudged, or directing that the bankruptcy case proceed, may the standby trustee qualify and retain official status.*

8 *Collier, Bankruptcy* ¶ 5.49[3.1] p. 737 (14th ed. 1972). (emphasis supplied)

■ It is only after the debtor is adjudged a bankrupt, that the standby trustee is notified of his election as trustee. He must qualify within five (5) days after he is notified. Bankruptcy Rule 122(4).

If, for whatever reason, the standby trustee who was elected by the creditors does not qualify, the court appoints a new trustee. Bankruptcy Act section 378a(2); Bankruptcy Rule 122(4). .

■ The provisions in the Bankruptcy Act and Bankruptcy Rules under which the court appoints a trustee when the standby trustee who was elected by the creditors fails to qualify is consistent with the holding of the United States Court of Appeals for the Second Circuit ("Second Circuit") in *In re Eloise Curtis, Inc.*, 388 F.2d 416 (2d Cir. 1967). In *Eloise Curtis*, which will be discussed at length below, the Second Circuit took the position that while the principle of creditor control may justify acceding to the creditors in the matter of a first choice, there exists no such compelling consideration as to require that the person whom ultimately serves as trustee *must* be chosen by the creditors. Whenever the creditors' initial choice for standby trustee or trustee fails to qualify, for whatever reason, the Bankruptcy Court appoints the "successor" trustee. *Eloise Curtis*, 388 F.2d at 419.

■ In view of the foregoing this court holds that creditors have no right to elect a standby trustee in the circumstances extant in this case. Mr. Goldman remains the standby trustee. At this time, Mr. Goldman has no official position from which he can resign. Mr. Goldman will cease being the standby trustee only after either, the Ronald and Alfred Parr Chapter XI cases are dismissed, or after Ronald and Alfred Parr are adjudicated bankrupts; and after Mr. Goldman fails to qualify as trustee.

### III.

Assuming arguendo, that section 44a applies in Chapter XI proceedings, Flushing still cannot prevail. Bankruptcy Rule 209(b) governs the appointment of a trustee when the office of a trustee becomes vacant. Bankruptcy Rule 209(b) provides that:

Appointment by the Court. Except as provided in Rule 211, *the court shall appoint a trustee if* (1) the creditors did not elect a trustee; (2) the trustee elected fails to qualify; (3) *a vacancy occurs in*

*the office of trustee*; or (4) a trustee is needed in a reopened case. If an elected trustee is disapproved by the court for ineligibility or other good cause the court may appoint a trustee. (emphasis supplied)

Flushing does not and cannot dispute the fact that Bankruptcy Rule 209 requires *the Court* to appoint a trustee under the circumstances extant in this case. However, Flushing contends that section 247 of the Bankruptcy Reform Act, which amended 28 U.S.C. section 2075, has nullified all Bankruptcy Rules that are inconsistent with the *Bankruptcy Act.* Flushing further contends that Bankruptcy Rule 209 is inconsistent with Bankruptcy Act section 44a, and that therefore Bankruptcy Act section 44a controls.

Finally, Flushing contends that Bankruptcy Act section 44a permits creditors to elect a [standby] trustee when that office becomes vacant. Flushing's contentions are clearly erroneous.

### IV.

■ Flushing contends that in enacting section 247 of the Bankruptcy Reform Act, Congress intended to repeal all Bankruptcy Rules which were inconsistent with the *Bankruptcy Act.* The legislative history and the language of the statute itself, indicate that Congress did not intend for section 247 to have the retroactive effect of nullifying all bankruptcy rules which were inconsistent with the Bankruptcy Act. On the contrary, the legislative history recognized the need for and the effectiveness of the Bankruptcy Rules in expediting the administration of bankruptcy cases.

Congress recognized that the Bankruptcy Rules were necessary under the Bankruptcy Act to achieve one of the major goals of the bankruptcy laws, namely "[T]o secure a prompt and effectual administration and settlement of the estate of all bankrupts within a limited period". *Katchen v. Landy,* 382 U.S. 323, 328–329, 86 S.Ct. 467, 472, 15 L.Ed.2d 391 (1969).

> *The Rules did accomplish major and long overdue reforms in [the] bankruptcy procedure, and have expedited bankruptcy cases enormously. However, with the* advent of a new bankruptcy law, *the need for the appropriateness of the rulemaking power has been questioned.*

Report of the Committee of the Judiciary, Bankruptcy Law Revision, H.R.Rep.No.95–595, 95th Cong., 1st Sess. 292 (1977), reprinted in [1978] U.S.Code Cong. & Admin. News, pp. 5787, 6249. (emphasis supplied)

It is clear that Congress enacted section 247 to prevent the Supreme Court from promulgating rules inconsistent with the new Bankruptcy Code, i. e., *Title 11.*

### V.

In addition, Flushing's motion was made on December 28, 1979. This was after, October 1, 1979, the effective date of section 403(a) of the Bankruptcy Reform Act. Section 403(a) of the Bankruptcy Reform Act provides that:

> A case commenced under the Bankruptcy Act, and all matters and proceedings in or relating to any such case shall be conducted and determined under such Act *as if this Act had not been enacted,* and the substantive rights of parties in connection with any such bankruptcy case, matter, or proceeding shall continue to be governed by the law applicable to such case, matter, or proceeding *as if the Act had not been enacted.* (emphasis supplied)

■ There is no question that the above captioned cases were commenced under the Bankruptcy Act; and that the motion now before the Court is a matter and proceeding in or relating to these cases. Therefore, the rights of the parties in connection with this matter are governed by the law applicable as if the Bankruptcy Reform Act had not been enacted. *In re Henry,* 5 BCD 1014, 1015 (S.D.N.Y.1979) (Ryan, B. J.). It has been held that:

> The only way to "conduct, determine and govern" a case in bankruptcy as if the Bankruptcy Reform Act "had not been enacted" is to deem the situation to be as it was on November 5, 1978, the day before enactment. *In re Piccione,* 5 BCD

1076, 1079 (D.Conn.1979) (Krechevsky, B. J.).

On November 5, 1978 there was no Bankruptcy Reform Act that amended 28 U.S.C. section 2075. On that day section 44a was "of no further force and effect", having been superceded by Bankruptcy Rule 209(b). Therefore, Bankruptcy Rule 209(b) controls, and it is the court who appoints the successor trustees in these cases.[3]

The legislative leaders made it abundantly clear that, with certain exceptions found in Section 403(b) of the Bankruptcy Reform Act, the Bankruptcy Reform Act was to have no effect on the substantive or procedural aspects of cases commenced under the Bankruptcy Act.

> Section 403 of Title IV of the House Amendments states that the general rule on the effective date of the legislation [October 1, 1979] *all cases commenced prior to that date are governed by the Bankruptcy Act as if this legislation had never been enacted, both as a matter of substance and as a matter of procedure.* Certain provisions of subchapter IV of Title 11 will apply in existing railroad reorganizations. All cases commenced on or after October 1, 1979, will be governed by Title 11 as contained in Title I of the House Amendment and the other provisions in Title II and now III effective on that day.

Statement of the Legislative Leaders, reprinted in 124 Cong.Rec.H.11109 (daily ed. September 28, 1978), [1978] U.S.Code Cong. & Admin.News pp. 6436, 6556. (emphasis supplied)

## VI.

Flushing also contends that the effective date of section 247, November 6, 1978, indicates that Congress intended the amendment 28 U.S.C. § 2075 to have a retroactive effect. However, the very language of section 247 shows that it was to have no effect on cases commenced under the Bankruptcy Act.

Prior to the enactment of the Bankruptcy Reform Act, 28 U.S.C. section 2075 provided that:

> The Supreme Court shall have the power to prescribe by general rules, the form of process, writs, pleadings, and motions, and the practice and procedure under the *Bankruptcy Act.* Such rule shall not abridge, enlarge, or modify any substantive rights.

> Such rules shall not take effect until they have been reported to Congress by the Chief Justice at or after the beginning of a regular session thereof but not later than the first day of May and until the expiration of 90 days after they have been thus reported.

> All laws in conflict of such rule shall be of no further force or effect after such rules have taken effect. (emphasis supplied)

Section 247 amended 28 U.S.C. section 2075 by striking out the phrase "*under the*

---

**3.** Flushing contends that section 703 of the Bankruptcy Code, 11 U.S.C. section 703 (1978), expresses a Congressional intent that creditors be given the opportunity to fill a vacancy in the office of trustee. However, by virtue of sections 402(a) and 403(a) of the Bankruptcy Reform Act, section 703 applies only to cases commenced on or after October 1, 1979. *See, Guardian Mortgage Investors · v. Unofficial Noteholders-Debenture Holders Creditors Committee,* 607 F.2d 1020, 1023–1024 n.6 (2d Cir. 1979); *In re Parr,* 3 B.R. 690 (E.D.N.Y.1979) (Constantino, D. J.); *In re Parr,* 3 B.R. 691 (E.D.N.Y.1979) (Constantino, D. J.).

It is proper to consider the policy contained in the Bankruptcy Code only when the result which the new legislation would compel is not precluded in any way by the Bankruptcy Act, Bankruptcy Rules and the decisions rendered thereunder. *In re Texlon Corporation,* 596 F.2d 1098 (2d Cir. 1979); *Rohauer & Killiam Shows, Inc.,* 551 F.2d 484, 494 (2d Cir.), cert. denied 431 U.S. 949, 97 S.Ct. 2666, 53 L.Ed.2d 266 (1977); *Goodis v. United Artists Television,* 425 F.2d 397, 403 (2d Cir. 1970).

The result which the new legislation, i. e., section 703 of the Bankruptcy Code would compel is in direct conflict with Bankruptcy Act section 378a(2) Bankruptcy Rules 122(4), Bankruptcy Rule 209 and *Eloise Curtis,* 388 F.2d 416 (2d Cir. 1967). Accordingly, section 703 of the Bankruptcy Code may not be considered in determining whether creditors may fill a vacancy in the office of trustee in a case commenced under the Bankruptcy Act.

*Bankruptcy Act"* and replacing it with *"in cases under Title 11."* Section 247 also deleted the final paragraph of 28 U.S.C. section 2075.

The effect of this amendment was to give the Supreme Court the power to prescribe rules for cases under *Title 11,* i. e. the Bankruptcy Code. Rules promulgated for cases under the *Bankruptcy Code* may not be inconsistent with the Code.

■ 28 U.S.C. section 2075, as amended by section 247 neither refers to nor has an effect on those bankruptcy rules promulgated for cases under the Bankruptcy Act.[4] This result is consistent with section 403(a) of the Bankruptcy Reform Act which provides that cases commenced under the Bankruptcy Act are to continue as if the Bankruptcy Reform Act had not been enacted.

The reason Congress made November 6, 1978 the effective date of section 247 is obvious. If the effective date of section 247 had been October 1, 1979 it would have been possible for the Supreme Court under the powers granted to it by pre-Bankruptcy Reform Act 28 U.S.C. section 2075 to have promulgated (after November 6, 1978 but before October 1, 1979) bankruptcy rules that were inconsistent with the Bankruptcy Code. To preclude this possibility Congress made section 247 effective as of November 6, 1978.[5]

### VII.

■ Even if, as Flushing contends, section 247 was to have had retroactive effect, Bankruptcy Rule 209 does not "abridge, enlarge, or modify any substantive rights." Therefore, it neither runs afoul of 28 U.S.C. section 2075 as amended, nor is it beyond the scope of the Supreme Court's rule mak-

ing powers under pre-Bankruptcy Reform Act 28 U.S.C. section 2075. Bankruptcy Rule 209(b) is consistent with section 44a as interpreted by case law in the Second Circuit. The advisory committee's note to Bankruptcy Rule 209(b) states that:

> . . . The second sentence of subdivision (b) clarifies the authority of the court to appoint a trustee whenever the creditors' choice of trustee is disapproved by the court, and follows the law as declared in *In re Eloise Curtis, Inc.,* 388 F.2d 416, 418–20 (2d Cir. 1967); 2 *Collier* 44.11 (1962) . . .

There are two *Eloise Curtis* cases which were decided by the Second Circuit. In the first, cited by Flushing in its memorandum of law, *In the Matter of Eloise Curtis, Inc.,* 326 F.2d 698 (1964), the Second Circuit held that the District Court and the referee in bankruptcy had erred in holding that an assignee for the benefit of creditors whose accounts were not settled was ineligible as a matter of law to serve as trustee in that case. The Second Circuit remanded the case for the purpose of permitting the referee to exercise his discretion in determining whether to approve the assignee who had been elected by the creditors, as trustee in bankruptcy.

On remand, the referee disapproved the creditors' selection, and without ordering a new election appointed a new trustee. The District Court affirmed; an appeal to the Second Circuit followed. The question before the Second Circuit in the second *Eloise Curtis* case was whether when a trustee who is elected by the creditors has been disapproved, another election must be held or whether a new trustee is to be appointed by the referee. *In re Eloise Curtis,* 388 F.2d 416 (2d Cir. 1967)

---

**4.** The Bankruptcy Act is the *official* title of the Act of July 1, 1898. 64 Stat. 1113 (1950) provides that:

> Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled, that the Act entitled "An Act to establish a uniform system of bankruptcy throughout the United States" approved July 1, 1898, is amended by inserting immediately after the enacting

clause a new sentence as follows: "That this Act may be cited as 'the Bankruptcy Act.' "

**5.** Had Congress intended to repeal all Bankruptcy Rules which were inconsistent with the Bankruptcy Act, it would have expressly stated its intention. It is inconceivable that Congress intended to affect possibly thousands of cases pending under the Bankruptcy Act without expressing such an intent.

The court cited what it considered to be the pertinent portion of Bankruptcy Act section 44a which provides that:

> If the creditors do not provide a trustee or if the trustee so appointed fails to qualify as herein provided, the court shall make the appointment.

The court also referred to Bankruptcy Act section 50(b) which provides that the trustee "shall qualify by entering into bond." *Eloise Curtis*, 388 F.2d at 418.

The court then looked to the legislative history of section 44a.

> Resort to the legislative history is not very enlightening. We are cited to, and we find, only one passage which reflects directly the intent of Congress in adopting section 44a, to wit;
>
>> The section [44a] is further amended to provide that if a trustee appointed by the creditors fails to qualify, a trustee shall be appointed by the court. Under the present law, in case of the failure of the trustee to qualify, a new election must be held which results in the expense and delay of calling another meeting of creditors. (Analysis of H.R. 12889, 74th Cong., 2nd Sess. (1936) at 157; House Judiciary Committee Report No. 1409 on H.R.8046 (Chandler Act) 75th Cong., 1st Sess. (July 29, 1937), § 2(h)(7), p. 16.)

*Eloise Curtis*, 388 F.2d at 418–419.

The Court then concluded that whenever a trustee elected by the creditors either fails to qualify for whatever reason, or is disapproved by the bankruptcy court, the bankruptcy court has the right to appoint a trustee.

> In reaching the conclusion that the referee has the power to appoint a trustee when he has disapproved the choice of creditors, we have been influenced, among other considerations which we mention hereafter, *by the fact that there appears to be no reasonable basis for singling out the circumstance of the failure to file a bond for special treatment.* We can see no reason why the referee should have the power to appoint when the trustee fails to qualify with respect to a bond but should not have the same power when the failure to qualify is based upon incompetence.
>
> *Whatever the reasoning which led the Congress to give the referee the power to appoint in the instance of failure to file a bond, it seems that the same reasoning must apply to failure to qualify because of incompetence.*
>
> *When the creditors have had an opportunity to elect a trustee and have chosen a person who is not qualified to serve, there is no convincing ground for giving the creditors another chance to make a choice. While the principle of creditor control may justify acceding to the creditors in the matter of a first choice, it constitutes no such compelling consideration as to require that the person who ultimately serves as trustee must be chosen by the creditors.*

*Eloise Curtis*, 388 F.2d at 419. (emphasis supplied)

The import of the Second Circuit in its second *Eloise Curtis* decision is clear: creditors are given the initial chance to elect a trustee. When the trustee elected fails to qualify, for whatever reason, the bankruptcy court then appoints a trustee. The United States Supreme Court in promulgating Bankruptcy Rule 209 adopted the position taken by the Second Circuit in *Eloise Curtis*, 388 F.2d 416 (2d Cir. 1967), and permitted the Bankruptcy Court to appoint a trustee whenever there is a vacancy in the office of trustee.[6]

---

**6.** It is clear that the United States Supreme Court did not exceed its rule making authority under 28 U.S.C. section 2075 in promulgating Bankruptcy Rule 209(b). It should be noted that there is a strong presumption that the Supreme Court did not abridge or modify any substantive rights by the adoption of the Bankruptcy Rules. *Matter of Decker*, 595 F.2d 185, 189 (3rd Cir. 1979); *Matter of Mobile Steel Co.*, 563 F.2d 692, 699 (5th Cir. 1977); *In re Wall*, 403 F.Supp. 357, 360 (E.D.Ark.1975).

Flushing cites only one case, *In re Moralez*, 400 F.Supp. 1352 (N.D.Cal.1975), as an example of a court invalidating a Bankruptcy Rule, to wit Rule 13–307(b), because it modified a substantive right conferred by the Bankruptcy

## CONCLUSION

For the reasons set forth hereinabove, Flushing's motion to elect a [standby] trustee is denied.

So Ordered.

Act. However, in two other cases *In re Wall*, 403 F.Supp. 357 (E.D.Ark.1975) and *Matter of McKee*, 416 F.Supp. 652 (E.D.Ark.1976), the courts have held that Bankruptcy Rule 13–307(b) was a valid exercise of the Supreme Court's rule making authority. The Court in *Wall* reasoned that:

> The court must approach the challenge to the Bankruptcy Rule with the history of the rules in mind. *The rules were adopted by the Supreme Court of the United States after long and careful study not only by the Court but by panels of outstanding attorneys and citizens expert in the field. They were then submitted to the Congress for review, and only after such review did they become effec-*

> *tive.* There is a strong presumption that the Supreme Court did not abridge or modify any substantive rights by the rules. *There is also a strong presumption that, had the Court so overstepped the authority delegated by the Congress, such a transgression would have been noted and the offending rule modified or deleted upon review.*

*Wall, supra*, at 360. (emphasis supplied) The Court in *McKee*, expressly chose to follow the *Wall* decision, and rejected the *Moralez* approach.