In the Matter of James G. DONAHUE, Madeline B. Donahue, Debtor.

Bankruptcy Nos. 79–854–G, 79–855–G.

United States Bankruptcy Court, D. Massachusetts.

Sept. 12, 1980.

Leon Aronson, Quincy, Mass., for debtor.

Jack E. Houghton, Jr., Pittsfield, Mass., for North Shore Funding Corporation.

## MEMORANDUM AND ORDER

PAUL W. GLENNON, Bankruptcy Judge.

The Donahues filed their petitions for arrangement pursuant to Chapter XI of the Bankruptcy Act on May 4, 1979. The main assets of the debtors were a hotel complex and condominium located in the Berkshire resort region of Massachusetts. On December 14, 1979, this court allowed the secured creditors of the hotel complex and condominium relief from the Automatic Stay provisions of Rule 11–44 of the Bankruptcy Act. The Banks subsequently foreclosed on the properties.

On February 13, 1980, this court ordered a show cause hearing why this case should not be dismissed or converted to another chapter of the Bankruptcy Act. The debtors responded on April 18, 1980 and requested that a conference be held as to whether this case should be dismissed or converted to a Chapter XIII proceeding. A conference was held on May 9, 1980 in Pittsfield, Massachusetts. The primary topic concerned the effect of converting to a Chapter XIII under the old Bankruptcy Act or dismissing the case and the debtors refiling as a Chapter 13 under the new Bankruptcy Code. The purpose of the latter would be to take advantage of the liberal exemptions of the new code.

On June 13, 1980, the debtors filed their Motion to Dismiss in open court. Creditors were noticed and ordered to file their objections by June 30, 1980. On June 19, 1980, the North Shore Funding Corporation filed their objection to dismissal. They averred that Mr. Donahue had pledged his monthly Army retirement check to North Shore Funding to repay a loan and a dismissal and refiling under the new Bankruptcy Code may exempt this asset.[1]

The parties additionally requested that the court rule on the matter of the retired pay benefits.

Initially, the only question properly before this court is the Motion To Dismiss the Chapter XI proceeding. The other matter need not be dealt with at this time. The debtors seek to dismiss their Chapter XI proceeding pursuant to Rule 11–42(a)(2) of the Rules of Bankruptcy Procedure. They state that they intend to refile as a Chapter 13 under the new code.

The powers of the court in this case are limited. I feel it is important, however, to bring to the debtors attention Section 403(a), Pub.L. No. 95–598, 92 Stat. 2549 of the Bankruptcy Code. This section appears under Title IV of the Public Law, the Transition section. It states: "A case commenced under the Bankruptcy Act, and all matters or proceedings in or relating to any such case, shall be conducted and determined under such Act as if this Act had not been enacted, and the substantive rights of parties in connection with any such bankruptcy case, matter, or proceeding shall continue to be governed by the law applicable to such case, matter or proceeding as if the Act had not been enacted." See also: *In re Parr et al.*, 3 B.R. 692, 6 BCD 7, 8 (Bkrtcy., E.D.N.Y.1980).

The law makes it clear that the debtors are to proceed as if no such new act exists.

---

1. The debtors note that 11 U.S.C. § 522 makes Veteran's Benefits exempt. 11 U.S.C. § 522(d)(10)(B) states that the debtors right to "a veterans' benefit" may be exempted.

They *cannot* refile as a new code Chapter 13. The court, therefore, must act pursuant to Rule 11–42(a)(2) in the best interests of the creditors. Since the debtors have represented that they would like to file as a Chapter XIII, I would allow such action. I do not believe that a dismissal would be in the best interest of all creditors but am reluctant to order an adjudication without the debtors being heard on such an issue. Therefore, I am denying the motion to dismiss and ordering that the debtors appear in court on September 26, 1980 at 11:00 A.M. in Pittsfield, Mass. to determine if adjudication or dismissal is in the best interest of creditors. Should the debtors prefer to convert to a Chapter XIII proceeding, the filing of such prior to September 24, 1980 will make said hearing unnecessary.

Finally, I feel that a ruling by this court as to the military pay question is inappropriate. The issue is not properly before this court and more than likely should resurface as an objection to discharge if the debtors decide not to have the case dismissed outright.