**In the Matter of BLANCHARD MANAGEMENT CORP., Debtor.**

**Bankruptcy No. 80 B 12011.**

United States Bankruptcy Court, S. D. New York.

March 30, 1981.

Finkel, Goldstein & Berzow, New York City, for petitioning creditors; Neal Rosenbloom, New York City, of counsel.

United States Trustee by Cornelius Blackshear, Asst. U. S. Trustee, New York City.

EDWARD J. RYAN, Bankruptcy Judge.

On November 28, 1980, an involuntary petition under Chapter 7 of the Bankruptcy Code was filed against the abovenamed debtor. 11 U.S.C. § 303(a), (b). Thereafter, an order for relief was entered by this court on January 13, 1981, and Barbara Balaber-Strauss was appointed interim trustee pursuant to 11 U.S.C. § 15701(a).

Although the debtor filed no schedules, the attorneys for the petitioning creditors, Finkel, Goldstein & Berzow, by Neal M. Rosenbloom, Esq., filed a list of names and addresses of six creditors with claims against the debtor. However, this list did not indicate the amount claimed to be due each creditor, nor any approximation thereof.

A meeting of creditors was held before the United States Trustee [1] on February 20, 1981, in accordance with 11 U.S.C. § 341. Pursuant to 28 U.S.C. § 586(a) and Interim Bankruptcy Rule X–1003(d), the United States Trustee filed with this court a Report of Election following the meeting of creditors which, among other informative matters, related the following:

At the meeting, a request for the election of a trustee was made by Neal M. Rosenbloom, Esq., who, representing one creditor, Hunter Paper Co., Inc. ("Hunter"), presented a proof of claim on behalf of Hunter indicating $40,114.90 due and owing by the debtor. Marvin Schrier of H. Schrier & Co., Inc., requested that an election be held; however, neither did Mr. Schrier have a proof of claim to present nor had a proof of claim been filed with the clerk of the bankruptcy court prior to the meeting of creditors, as required by Bankruptcy Rule 207(a) and Interim Bankruptcy Rule X–1003(b)(3). Nevertheless, at the Section 341(a) meeting, Mr. Rosenbloom and Mr. Schrier nominated and voted for Lawrence Sarf, 2365 Boston Post Road, Larchmont, New York, to serve as trustee.

On March 18, 1981, the attorneys for the petitioning creditors made an application to this court for an order resolving an election dispute and certifying Lawrence Sarf as the duly elected trustee.

At the March 18 hearing on the motion for certification Mr. Rosenbloom appeared for the petitioning creditors in support of the motion and application, and Cornelius Blackshear, Esq., appeared representing the United States Trustee in opposition to the proposed certification of Lawrence Sarf. The United States Trustee recommended that the election not be certified because there was no showing of the composition of the creditor body.

The court accepts the position of the United States Trustee, and denies the application for certification.

This decision turns on the provisions of 11 U.S.C. § 702 of the Bankruptcy Code.[2] Un-

---

1. Representing the United States Trustee was Cornelius Blackshear, Esq., the Assistant United States Trustee for the Southern District of New York.

2. "§ 702. Election of trustee

(a) A creditor may vote for a candidate for trustee only if such creditor—

der the Bankruptcy Act[3] election of the person nominated to be trustee at the creditors meeting required a consensus of a majority in number and amount of the creditors who appeared to vote at the meeting. However, under the provisions of the Code, to elect a trustee it is necessary that creditors holding at least 20 percent in amount of the type of claims referred to in 11 U.S.C. § 702(a) first request that an election be held; then that creditors holding at least 20 percent in amount of such claims actually vote; and, finally, that the candidate for trustee receive a majority in amount of votes actually cast.

Since no schedules of liabilities were ever filed, nor were any amounts (either exact or approximate) demonstrated by the attorneys for the petitioning creditors in the list that they filed, it was not possible to determine whether the claim voted by Mr. Rosenbloom on behalf of Hunter met the 20 percent requisite majority of creditors holding the types of claims referred to in 11 U.S.C. § 702(a) necessary to request that an election be held or to determine that the nominee received the necessary votes. Even if Mr. Schrier had filed the required proof of claim, it would not have been possible to determine whether the increased amount satisfied either statutory requirement.

At the March 18 hearing, the petitioning creditors contended that this was a unique situation since there were no assurances that schedules would ever be filed by the debtor or even that books and records of the debtor existed.

Relying for legal argument solely upon some thoughts expressed by another bankruptcy judge in another case in this district, the attorneys for the petitioning creditors urged that this court certify the election of Lawrence Sarf as trustee. These arguments are not at all persuasive.

The petitioning creditors had available to them and failed to utilize measures under Rule 205 of the Rules of Bankruptcy Procedure (e. g., a subpoena seeking production of the debtor's books and records or a deposition of an officer or bookkeeper of the debtor) which measures would have assisted the United States Trustee in determining the approximate amount of claims for § 702 purposes.

The attorneys for the petitioning creditors could have estimated and given at least a ballpark figure on the amounts claimed by the six creditors who were named in the list filed with this court by said attorneys.

The debtor need not file his schedules first; the petitioning creditors could have estimated the other debts and provided the United States Trustee with some means of verifying compliance with 11 U.S.C. § 702.[4] However, since the petitioning creditors ut-

---

(1) holds an allowable, undisputed, fixed, liquidated, unsecured claim of a kind entitled to distribution under section 726(a)(2), 726(a)(3), or 726(a)(4) of this title;

(2) does not have an interest materially adverse, other than an equity interest that is not substantial in relation to such creditor's interest as a creditor, to the interest of creditors entitled to such distribution; and

(3) is not an insider.

(b) At the meeting of creditors under section 341 of this title, creditors may elect one person to serve as trustee in the case if election of a trustee is requested by creditors that may vote under subsection (a) of this section, and that hold at least 20 percent in amount of the claims specified in subsection (a)(1) of this section that are held by creditors that may vote under subsection (a) of this section.

(c) A candidate for trustee is elected trustee if—

(1) creditors holding at least 20 percent in amount of the claims specified in subsection (a)(1) of this section that are held by creditors that may vote under subsection (a) of this section vote; and

(2) such candidate receives the votes of creditors holding a majority in amount of claims specified in subsection (a)(1) of this section that are held by creditors that vote for trustee.

(d) If a trustee is not elected under subsection (c) of this section, then the interim trustee shall serve as trustee in the case. Pub.L. 95–598, Nov. 6, 1978, 92 Stat. 2604."

3. Rules of Bankruptcy Procedure, Rule 207(b).

4. We leave for another case the question whether the minimal efforts suggested would be sufficient.

terly failed in supplying necessary information to the United States Trustee, the latter was not able to report to this court that the proceedings which took place at the meeting of creditors satisfied the statutory requirements of § 702. Consequently, this court denies the application seeking certification of Lawrence Sarf as trustee in bankruptcy.

A purpose of the Bankruptcy Reform Act is to discourage the old fashioned type of electioneering associated with the election of a trustee.[5] Often, the actual issue in the election of a trustee is who will be the attorney for the trustee, not who shall be the trustee. Here, as in *In re Ira Haupt & Co.*,[6] there is no question as to the competence of the trustee now in office. In the *Haupt* case, there was nothing in the record to suggest that the trustee was incompetent or otherwise disqualified from efficiently performing his duties of office. The Court of Appeals remarked, at 886, that:

" * * * Behind the facade of protestation of deep concern for the creditors of Haupt (the New York Stock Exchange and the Banks account for $18,735,186 out of filed claims totaling $22,541,767.36), one can observe a defeated candidate seeking a recount in an election which may involve the prospect of a substantial fee to the successful candidate. * * * "

Often, under the Act, and especially when the return to creditors from the estate promised to be small there was little real creditor interest and attorneys would move in to control the case.[7]

The procedure under the Code makes it more difficult for a trustee to be elected unless there is actual creditor interest in the case.

The Code's 20 percent requirement discourages attorney control and attempts to revitalize the idea of true creditor control.[8]

Since the creditors failed at the first meeting to elect a trustee, they have ex-hausted their opportunity to do so and the interim trustee Barbara Balaber-Strauss shall continue to serve as the trustee in this case. 11 U.S.C. § 702(d).

---

5. See, *In re Louis Elting*, 4 F.Supp. (S.D.N.Y.) 732, 24 Am.B.R. (N.S.) 111, 121 (1933).

6. 379 F.2d 884 (2d Cir. 1967).

7. See, *In re Eloise Curtis, Inc.*, 261 F.Supp. 325 (S.D.N.Y.), aff'd 388 F.2d 416 (2 Cir. 1967).

8. 9 Bkr–L.Ed., Legislative History § 82:3, pp. 77–78 quoting H.Rep.No. 95–595 pp. 102–103.