913 F.2d 751
 23 Collier Bankr.Cas.2d 876, 20 Bankr.Ct.Dec. 1524,
Bankr. L. Rep. P 73,612
 In re Kenneth D. OXBORROW, dba Wheatland Investment Company;
Wheatland Supply, Inc., Debtors.
Doug BERG; Stan Welch; Leroy Scott Hamilton, II; Russell
Pixton; Harry Smithwick, et al., Appellants,
v.
Joseph A. ESPOSITO; John G. Layman, Co-Trustees of the
Estate of Kenneth D. Oxborrow, Appellees.
 No. 89-35073.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted March 8, 1990.
Decided Sept. 6, 1990.
 
 D. Gordon Willhite, Mercer Island, Wash. and John R. Lewis, Yakima, Wash., for appellants.
 John W. Campbell, Esposito, Tombari and George, Spokane, Wash., for appellees.
 Appeal from the United States District Court for the Eastern District of Washington.
 Before WRIGHT, REINHARDT and O'SCANNLAIN, Circuit Judges.
 O'SCANNLAIN, Circuit Judge:
 
 
 1
 This is an appeal from the district court's affirmance of the bankruptcy court's order resolving an election dispute among creditors.
 
 
 2
 * On September 28, 1984, debtor Kenneth D. Oxborrow filed for reorganization under Chapter 11 of the Bankruptcy Code. See 11 U.S.C.A. Secs. 1101-1174 (West 1979 & Supp.1990). Oxborrow and others had operated an "investment pool" specializing in the commodities and futures markets which attracted between 900 and 1200 investors drawn largely from the Pacific Northwest states. Some 800 creditors filed claims against the bankruptcy estate. The bankruptcy court appointed Joseph Esposito and John Layman to serve as the estate's trustees.
 
 
 3
 As Chapter 11 trustees, Esposito and Layman brought lawsuits to recover from some investors (some of whom are now creditors) alleged fraudulent conveyances and preferences. Such investors did not wish to return the payments. Arguing that the lawsuits would not recover sufficient funds to offset any attorneys' fees collected by the "self-serving" trustees, these investors and other creditors sought to have confirmed a reorganization plan that essentially would have entailed abandoning the lawsuits. On January 7, 1988, the bankruptcy court determined that the proposed plan was nonconfirmable and converted the matter into a Chapter 7 liquidation.
 
 
 4
 Pursuant to 11 U.S.C. Sec. 701, the Chapter 11 trustees, Esposito and Layman, became interim Chapter 7 trustees. Before the first creditors' meeting, the trustees filed objections to the claims of all creditors who were subject to their lawsuits.
 
 
 5
 On February 4, 1988, the first creditors' meeting was held pursuant to 11 U.S.C. Sec. 341(a). At this meeting, creditor Harry Smithwick requested a trustee election and voted to nominate a certain Ronald Springer. Apparently because the bankruptcy clerk had never before conducted a contested election under 11 U.S.C. Sec. 702, there was some confusion. Before conducting the election, the clerk allowed a question-and-answer session in which attorney D. Gordon Willhite, interim trustees Esposito and Layman, and Smithwick and other creditors participated.
 
 
 6
 Without first determining who was eligible to vote or what percentage of the creditors was requesting an election, the clerk allowed all creditors present to vote for a permanent trustee. Based on all the votes obtained, the clerk announced that Springer had been elected permanent trustee. The interim trustees disputed the election results, and the meeting was adjourned.
 
 
 7
 On May 3, 1988, the bankruptcy court issued its order resolving the election dispute. Based upon tabulations by the clerk, the court determined that twenty-six percent of the eligible claims were voted during the election, but that creditors holding only fourteen percent of the eligible claims had requested an election. Thus, the court concluded that although the twenty-percent voting requirement of 11 U.S.C. Sec. 702(c) was met, the election was invalid because the separate twenty-percent requesting requirement of 11 U.S.C. Sec. 702(b) was not satisfied. The interim trustees therefore became the permanent trustees pursuant to 11 U.S.C. Sec. 702(d).
 
 
 8
 Smithwick and another creditor, Doug Berg ("appellants"), appealed from the bankruptcy court's order resolving the election dispute. On January 6, 1989, the district court affirmed the order.
 
 
 9
 Appellants timely appeal; we have jurisdiction under 28 U.S.C. Sec. 158(d) and Sec. 1291.
 
 II
 
 10
 Appellants contend that the district court erred in affirming the bankruptcy court's order.[1] We disagree.
 
 
 11
 Section 702 sets forth the process for electing a permanent trustee in a Chapter 7 bankruptcy proceeding. To be eligible to vote, a creditor must hold a certain kind of claim described in section 702(a). Under section 702(b), however, an election is not valid unless creditors holding twenty percent of eligible claims request an election. Finally, under section 702(c), a candidate is elected trustee if creditors holding twenty percent of the eligible claims actually vote and a majority of such claims is voted for the candidate.[2]
 
 
 12
 Here, Smithwick, who held a number of proxies, was the only eligible creditor requesting an election before the clerk allowed all creditors in attendance to vote. After Esposito and Layman disputed the election, an attempt was made to determine the percentage requesting the election. In making this determination, the bankruptcy court counted the following creditors as having requested an election: (1) Smithwick; (2) the creditors who had delivered their proxies to Smithwick; and (3) all those who voted against the interim trustees, because such creditors had "impliedly requested" an election. Creditors voting for the interim trustees were considered as not having requested an election, because the interim trustees would become trustees if no election had been held. See 11 U.S.C. Sec. 702(d) (1988).
 
 
 13
 Using this reasoning, the bankruptcy court determined that creditors holding twenty-six percent of the eligible claims voted during the election pursuant to section 702(c), but that creditors holding only fourteen percent of the eligible claims had requested an election pursuant to section 702(b). The court therefore found that the twenty-percent requesting requirement of section 702(b) had not been satisfied; consequently, the interim trustees became the permanent trustees.
 
 
 14
 We cannot say that this ruling was error. We reject appellants' argument that because twenty-six percent of the eligible claims were actually voted, the twenty-percent requesting requirement should also be considered to have been satisfied. The twenty-percent requesting requirement of section 702(b) is distinct from and independent of the twenty-percent voting requirement of section 702(c).
 
 
 15
 To construe the statute otherwise would deprive its words of their logical meaning. See In re Baton Rouge Marine Repair & Drydock, Inc., 57 B.R. 19, 23 (Bankr.M.D.La.1985) ("Obviously, the 20% requirement to call a trustee election [pursuant to 11 U.S.C. Sec. 702(b) ] was not met."); In re Blanchard Management Corp., 10 B.R. 186, 188 (Bankr.S.D.N.Y.1981) (stating that "under the provisions of the Code, to elect a trustee it is necessary that creditors holding at least 20 percent in amount of the type of claims referred to in 11 U.S.C. Sec. 702(a) first request that an election be held; then that creditors holding at least 20 percent in amount of such claims actually vote"); see also H.Rep. No. 595, 95th Cong., 1st Sess. 102-03, reprinted in 1978 U.S.Code Cong. & Admin.News 5787, 6063-64 (stating that proposed section 702 "permits creditor election of a trustee only in cases in which at least creditors holding 20 percent in amount of certain scheduled unsecured claims request election of a trustee" and setting forth the reasons for such a "minimum percentage request requirement"). We agree with the district court's admirable analysis that appellants' view, if adopted, would render superfluous the separate twenty-percent requesting requirement enacted by Congress. See Berg v. Esposito (In re Oxborrow), 104 B.R. 356, 361 (E.D.Wash.1989). We will not so obviate section 702(b), for we must avoid statutory interpretation that renders any section superfluous and does not give effect to all of the words used by Congress. See Central Montana Elec. Power Coop., Inc. v. Administrator of the Bonneville Power Admin., 840 F.2d 1472, 1478 (9th Cir.1988).
 
 
 16
 We acknowledge that "the record does not provide a model of proper procedure." Manhattan Shirt Co. v. Tomlinson, 327 F.2d 449, 452 (9th Cir.1964) (discussing trustee election under predecessor statute to section 702). However, "[w]here the [bankruptcy judge] has exercised some supervisory powers over the election of a trustee his action should be examined to determine whether or not he has abused his discretion." Id. Here, because the bankruptcy court correctly interpreted the law as providing for two separate twenty-percent requirements and then made a logical assessment that only fourteen percent of the claims voted supported replacement of the interim trustees, we cannot say that the bankruptcy court abused its discretion in determining that the twenty-percent requesting requirement had not been met. The district court therefore did not err in affirming the bankruptcy court's order resolving the election dispute.[3]
 
 
 17
 AFFIRMED.
 
 
 
 [1]
 For the purposes of this appeal, we assume without deciding that at least some appellants have standing to challenge the bankruptcy court's order resolving the election dispute and the district court's affirmance of that order. Co-trustees do not argue otherwise
 
 
 [2]
 Section 702 provides in part relevant to this appeal:
 (b) At the meeting of creditors held under section 341 of this title, creditors may elect one person to serve as trustee in the case if election of a trustee is requested by creditors that may vote under subsection (a) of this section, and that hold at least 20 percent in amount of the claims specified in subsection (a)(1) of this section that are held by creditors that may vote under subsection (a) of this section.
 (c) A candidate for trustee is elected trustee if--
 (1) creditors holding at least 20 percent in amount of the claims of a kind specified in subsection (a)(1) of this section that are held by creditors that may vote under subsection (a) of this section vote ; and
 (2) such candidate receives the votes of creditors holding a majority in amount of claims specified in subsection (a)(1) of this section that are held by creditors that vote for a trustee.
 (d) If a trustee is not elected under this section, then the interim trustee shall serve as trustee in the case.
 11 U.S.C. Sec. 702 (1988) (emphases added).
 
 
 [3]
 In light of our ruling, we do not address the question of whether certain proxy votes held by Smithwick were obtained in violation of Bankruptcy Rule 2006