**In re PARR.**

**No. 79 C 3169.**

United States District Court,
E. D. New York.

Dec. 17, 1979.

---

692

**COSTANTINO, District Judge.**

This appeal from the Bankruptcy Court is related to a prior appeal, 79 C 2394, 3 B.R. 690. Flushing Savings Bank, a creditor to the bankruptcy estate, has appealed from an order of the Bankruptcy Court which appointed a trustee under 11 U.S.C. § 1104 *sua sponte*, and which retroactively applied the 1978 Bankruptcy Reform Act. ("New Bankruptcy Code"). The order is reversed.

First, 11 U.S.C. § 1104(a) provides that a trustee may be appointed only after a notice and hearing. Here, the Bankruptcy Court appointed a trustee without granting the creditors an opportunity to be heard. Thus, the trustee was improperly appointed, and the order appointing him must be reversed.

Second, the Bankruptcy Court attempted to shift the Chapter XI cases of Ronald and Alfred Parr from the controlling provisions of the old Bankruptcy Act to the protection of the new Bankruptcy Code. Thus, the court applied the new Bankruptcy Code retroactively to a proceeding commenced prior to its effective date, October 1, 1979. Section 403(a), Pub.L.No.95–598, 92 Stat. 2549 of the new Bankruptcy Code clearly pro-

vides that a proceeding commenced prior to the effective date of the new Bankruptcy Code would remain unaffected by the new Code. Accordingly, it was error to apply the new Bankruptcy Code to this proceeding, and the order appealed from is reversed.[1]

So ordered.

---

1. Leave to appeal to this court was granted pursuant to 28 U.S.C. § 1334(b).