**In re PARR.**

**No. 79 C 2394.**

United States District Court,
E. D. New York.

Dec. 17, 1979.

Jules V. Speciner, Great Neck, N. Y., for debtor.

Weil, Gotshal & Manges by Michael L. Cook, New York City, for creditors.

COSTANTINO, District Judge.

This is an appeal from an order of Bankruptcy Judge Robert T. Hall. The appeal relates to the bankruptcy proceedings involving the Parr Meadows Race Track and the track promoters, Ronald and Alfred Parr (Parrs). The appeal followed, almost predictably, a series of events which occurred in the bankruptcy court. This scenario is par for the course in this proceeding, having occurred numerous times in the past.

The pending appeal concerns an order by Judge Hall which granted a "conditional dismissal" of the Parrs' bankruptcy proceeding on October 25, 1979. The purpose of that order was to allow a refiling under the protection of the new Bankruptcy Code which became effective October 1, 1979. The creditors appeal from that order and contend that it was improper. The court agrees.

On September 25, 1979 Judge Hall issued an order which required the Parrs to indemnify the creditors for expenses of administration. The order further provided that if the Parrs failed to comply with the indemnity order by November 1, 1979, the court would adjudge them to be bankrupt.

As events developed, the Parrs were in imminent default of the indemnity order. The creditors moved for an adjudication of bankruptcy in order to protect their sizable investment in the venture. Judge Hall, apparently seeking to strike a compromise favorable to neither side (Appendix 640), decided to dismiss the petition conditionally. Thus, on October 25, 1979 he entered an order dismissing the proceeding on the condition that the Parrs refile petitions under the newly effective Bankruptcy Code. That order is the basis for the instant appeal.

Although the record on appeal is voluminous, the issue on appeal is readily and simply resolved. Rule 11–42(b) of the "old" Bankruptcy Act, Title 11 United States Code, Rules of Bankruptcy Procedure, provides that the bankruptcy court may dismiss the proceeding, adjudicate the debtor to be bankrupt, or direct the case to proceed, according to the best interest of the estate. Those avenues of recourse are proper in instances of lack of prosecution or failure to comply with an order of indemnity under Rule 11–20(d). However, it is clear that there is no provision for or contemplation of a conditional discharge.[1] *See*

---

1. The trustee concedes that Rule 11–42(b) does not provide for a conditional discharge, but contends that the old Bankruptcy Act is no longer in effect. Brief of Appellees at 3. How-

14 Collier on Bankruptcy ¶ 11–42.01 *et seq.* Here, the only purpose for the conditional dismissal was to allow the Parrs to seek refuge under the provisions of the new code. That purpose and course of action frustrates not only the September 25, 1979 indemnity order but also the purpose and effect of the Rule itself. Thus, Judge Hall erred in granting a conditional dismissal.

The court is totally familiar with the facts of and proceedings in this case. A review of the record on appeal indicates that the proceeding has not advanced materially the positions of either the debtors or the creditors. That appears to be the situation from the commencement of these proceedings two years ago. Few positive results are demonstrated despite the continued, good faith efforts of the creditors. Indeed, the record clearly indicates that the creditors are being injured without any foreseeable recourse or future benefit. Inequities abound. The court does not deem it fitting that the creditors, who have demonstrated both restraint and good faith in working with the bankruptcy court and the Parrs, should be placed in the position of never satisfying any part of their substantial claims. Any reluctance to delay the proceedings to protect the interests of every possible unsecured creditor, who may or may not appear in the proceeding, is misplaced. There comes a point when definitive action must be taken to rectify what appears to be a hopeless ordeal for all involved.

The court is reluctant at this time to remove totally the discretion invested in the bankruptcy court for determining whether either outright dismissal, adjudication or continuation is in the best interests of the estate. Thus, the court will remand the matter to the Bankruptcy Court to allow it to proceed from the setting which existed prior to its October 25, 1979 order. In that respect, the Bankruptcy Court will be able to determine the appropriate course to take. In taking this position, however, this court notes that dismissal will serve little purpose other than to delay needlessly what appears to be inevitable. The record indicates as dim a future now as existed prior to this appeal. Thus, it appears that an adjudication of bankruptcy is the best possible course to take. Whether such a decision will follow is, of course, within the sound discretion of the Bankruptcy Court.

Accordingly, the order of the Bankruptcy Court granting a conditional dismissal is vacated in all respects.[2] The action is remanded to the Bankruptcy Court for proceedings not inconsistent with this decision or with rule 11–42(b). This decision shall be read in conjunction with the related appeals.

So ordered.

ever, § 403(a) of Public Law 95–598, 92 Stat. 2549 (1978) (Bankruptcy Reform Act of 1978) indicates that the old Act remains in force for proceedings pending prior to the enactment of the new Bankruptcy Code. Thus, Rule 11–42(b) was in force at the time of Judge Hall's decision.

2. In so concluding, the court grants the creditors application for leave to appeal under 28 U.S.C. § 1334(b), and grants the notion for a stay of all transfers of property and actions of the trustee pending this appeal. Fed.R.Bank.P. 805.