## In re GEIGER ENTERPRISES, INC., Debtor in Possession.

No. Civ–80–134.

United States District Court, W. D. New York.

March 3, 1980.

As Amended March 12, 1980.

---

Gary F. Amendola, Rochester, N. Y., for Central Trust Co., Rochester, N. Y.

Angelynn C. Hall, U. S. Dept. of Justice, Tax Div., Washington, D. C., for the U. S.

Robert M. Spaulding, Buffalo, N. Y., for Amico Oil Inc.

---

Daniel Evans Brick, North Tonawanda, N. Y., for Geiger Enterprises, Inc. (debtor in possession).

Donald P. Sheldon, Buffalo, N. Y., for Official Creditors Committee.

## MEMORANDUM and ORDER

ELFVIN, District Judge.

Central Trust Company of Rochester, N. Y. ("Central Trust") and the United States of America ("the government") appeal from an order of the Honorable Beryl E. McGuire, United States Bankruptcy Judge, entered February 8, 1980. The order dismissed a then pending bankruptcy proceeding commenced by Geiger Enterprises, Inc. ("Geiger").

The factual background is not in dispute.

On August 15, 1979 Geiger filed a petition for relief under Chapter XI (formerly 11 U.S.C. § 701 *et seq.*) of the Bankruptcy Act of 1898 ("the Old Act"). After the October 1, 1979 effective date of the Bankruptcy Reform Act of 1978 ("the New Act") seven corporations, which are affiliates or subsidiaries of Geiger, and Harold and Patricia Geiger filed petitions for relief under Chapter 11 of the New Act. At some point, various of the parties determined that a substantive consolidation of the petitions was desirable but found that such was impracticable because Geiger's petition was subject to Chapter XI of the Old Act ("Old Chapter XI"), whereas the other petitions were subject to Chapter 11 of the New Act ("New Chapter 11"). To alleviate this obstacle, Geiger moved to dismiss its petition under Old Chapter XI with the representation that it would immediately refile a petition under New Chapter 11.

Following hearings on January 30, 1980 and February 4, 1980, Judge McGuire, in an order entered February 8, 1980, granted Geiger's motion to dismiss. In an accompanying Memorandum, Judge McGuire stated in part:

"The debtor has offered evidence of the probable necessity for substantive consolidation of the above cases and three (3) others because of the condition of the debtor's financial affairs. Indeed, the Government concedes the probability of the need for substantive consolidation.

"In the Court's view, substantive consolidation of the subsidiaries, affiliates and/or principals filed under the new Bankruptcy Code with Geiger Enterprises, Inc., if it remains in the former Chapter XI, clearly is impossible. Even a cursory review of the differing substantive provisions and distribution rules renders this conclusion inescapable.

"The motion is governed by the provisions of 11–42 of the Rules of Bankruptcy Procedure. It is unique in that the purpose of dismissal is to permit refiling under compatible substantive law provisions and distribution rules and, thus, permit substantive consolidation. In opposing the motion, the parties have argued that Congress did not intend to permit this result. To the contrary, there is no reason to believe that the Congress even envisioned a problem such as that at hand.

"Practical, economical and expeditious administration and the avoidance of unnecessary and costly litigation by the alternative approach suggested by the Government [piercing the corporate veil of the affiliate and subsidiary corporations and bringing them under Old Chapter XI] render dismissal to permit refiling to be in the best interest of this estate."

Immediately after the entry of the February 8, 1980 order, Geiger filed a petition for relief under New Chapter 11. Thereafter, several additional corporations, which are also affiliates or subsidiaries of Geiger, filed petitions for relief under New Chapter 11.

Central Trust, a secured creditor of Geiger, and the government, possessor of a lien against Geiger for unpaid taxes, appealed the February 8, 1980 order under Bankruptcy Rule 801 and thereafter moved to stay said order pending appeal under Bankruptcy Rule 805. The motion for a stay was argued February 8, 1980 and, in an Order entered February 11, 1980, I granted the stay and further ordered that the parties

appear before me February 15, 1980 to argue the merits of the appeal. The appeal was argued on said day and the matter was taken under advisement.

It is agreed that the instant appeal turns upon the proper construction of section 403(a) of the New Act (11 U.S.C. prec. § 101) which provides:

"(a) A case commenced under [the Old Act], and all matters and proceedings in or relating to any such case, shall be conducted and determined under such Act as if [the New Act] had not been enacted, and the substantive rights of parties in connection with any such bankruptcy case, matter, or proceeding shall continue to be governed by the law applicable to such case, matter, or proceeding as if [the New Act] had not been enacted."

Central Trust and the government argue that the February 8, 1980 dismissal of an Old Chapter XI proceeding upon the representation that the debtor would immediately refile under New Chapter 11 violates section 403(a) in that the bankruptcy court will apply the New Act to a case commenced under the Old Act and the substantive rights of the parties thereto will be governed by the New Act, rather than by the Old Act. Appellants primarily rely upon the plain meaning of section 403(a) and its legislative history. Appellees assert that Congress did not envision the situation where, as here, petitioners were filed by debtors before and after October 1, 1979 and a substantive consolidation of said petitions is in the best interest of the debtors and creditors. They urge that I fill such alleged gap in section 403(a) by creating a narrow exception permitting a debtor to voluntarily dismiss its Old Chapter XI petition in order to refile its petition under New Chapter 11.

■ Under the so-called plain meaning rule, "the meaning of a statute must, in the first instance, be sought in the language in which the act is framed, and if that is plain, * * * the sole function of the courts is to enforce it according to its terms." *Caminetti v. United States*, 242 U.S. 470, 485, 37

S.Ct. 192, 194, 61 L.Ed. 442 (1917). *See*, 2A Sutherland on Statutory Construction 48 (4th Ed. 1973). In the instant case, the plain meaning of section 403(a) is that the bankruptcy court must apply the Old Act to cases filed prior to October 1, 1979 and that such cases shall proceed as if the New Act had never been enacted.

When confronted with a statute which is plain and unambiguous on its face, courts ordinarily do not look to legislative history as a guide to its meaning. *See, Tennessee Valley Authority v. Hill*, 437 U.S. 153, 184 n. 29, 98 S.Ct. 2279, 2296, 57 L.Ed.2d 117 (1978); 2A Sutherland on Statutory Construction, *supra*, at 186–87, 98 S.Ct. at 2297–98. However, the legislative history of section 403(a) merely confirms the above plain meaning of said section. H.R.Rep. No. 595, 95th Cong.2d Sess. 287–88, 459, *reprinted in* [1978] U.S.Code Cong. & Admin.News, pp. 5963, 6244, 6414–15. *See*, S.Rep. No. 989, 95th Cong.2d Sess. 20, 166–67, *reprinted in* [1978] U.S.Code Cong. & Admin.News, pp. 5787, 5806, 5952–53; 1 Collier on Bankruptcy ¶ 7.03[1] (15th ed. 1979).

■ Given the plain meaning of section 403(a) and its legislative history, I find that Judge McGuire erred in permitting Geiger to voluntarily dismiss its Old Chapter XI petition in order to refile under New Chapter 11. Such dismissal and refiling would permit the bankruptcy court to apply the New Act to a petition filed under the Old Act and therefore said actions constitute an impermissible circumvention of section 403(a).

Additionally, I am unpersuaded by appellees' argument that a narrow judicial exception should be created because Congress did not consider the situation presented by this case. Had Congress intended that a bankruptcy judge be given discretion in determining what law should be applied to cases commenced under the Old Act, it could have done so. *Compare*, former 11 U.S.C. § 676(c). Instead, Congress established a clear and simple rule—to wit, apply the Old Act to cases commenced under the

Old Act. While such rule may render a desirable substantive consolidation difficult or impossible in this case, the bankruptcy court must apply the provisions of Old Chapter XI to Geiger's petition for relief inasmuch as such action was filed prior to October 1, 1979 under the Old Act.

It is therefore hereby

ORDERED that the February 8, 1980 order of the Honorable Beryl E. McGuire, United States Bankruptcy Judge, is reversed.

And it is further hereby

OPINED that the instant Memorandum and Order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from said Memorandum and Order may materially advance the ultimate termination of the litigation pending in the United States Bankruptcy Court.