**In the Matter of Betty H. ARRINGTON and Ray Ladon Arrington, Debtors.**

**Bankruptcy Nos. C–B–79–254, C–B–79–255.**

United States Bankruptcy Court, W. D. North Carolina, Charlotte Division.

July 25, 1980.

Cruciani Professional Ass'n, Charlotte, N.C., for debtors.

R. Scott McCutcheon, Charlotte, N.C., for North Carolina National Bank.

Clayward C. Corry, Kings Mountain, N.C., for First Citizens Bank & Trust of Kings Mountain, N.C.

Michael P. Carr, Charlotte, N.C., for Borg–Warner Leasing, a division of Borg–Warner Acceptance Corp.

Richard M. Mitchell, Charlotte, N.C., for the Trustee.

## ORDER DENYING DEBTORS' APPLICATION FOR MODIFICATION OF CONVERSION ORDERS

MARVIN R. WOOTEN, Bankruptcy Judge.

This matter came on for hearing before the undersigned upon the motion of the

debtors seeking a modification of the Court's Order of Conversion entered in these matters on May 27, 1980. A hearing was held on July 11, 1980, after notice to the principle creditors in each matter, at which hearing appeared counsel for the debtors as well as counsel for several creditors.

A brief review of the facts is necessary to an understanding of the debtors' motion. On May 4, 1979, each of the above debtors filed a separate and voluntary petition under Chapter XI of the Bankruptcy Act. On that same date, voluntary petitions under Chapter XI of the Bankruptcy Act were filed on behalf of two corporations, A & A Transport Sales, Inc., and Arrington Enterprises, Inc., both of which said corporations were owned and controlled by the debtors. In fact, most of the liabilities of the debtors resulted from personal guarantees of corporate obligations.

For a period slightly in excess of one year the debtors herein attempted to secure financing for a plan of reorganization for themselves and their financially disabled corporations. No such financing was forthcoming, and the debtors were unable to otherwise formulate a plan acceptable to their creditors and their corporations' creditors. On May 27, 1980, the Court entered an Order converting the Chapter XI cases of the debtors and of their corporations to straight bankruptcy cases to be administered according to the provisions of the Bankruptcy Act.

By their present motion, filed July 2, 1980, the individual debtors seek an Order of this Court modifying the Conversion Order of May 27, 1980; to wit, the debtors seek to have their Chapter XI cases retroactively dismissed so that their straight bankruptcy proceedings under the Bankruptcy Act will no longer be legally in existence. The only reason put forth by the debtors as grounds for their request is their desire to file a straight bankruptcy petition under Chapter 7 of the Bankruptcy Code (as opposed to liquidation under the Bankruptcy Act) so that they could take advantage of the more liberal exemption provisions of the Code.

At the July 11, 1980, hearing on the request of the individual debtors, the Court heard first from the debtors. Counsel for the debtors made a plea to the general equity powers of the Court, but otherwise produced no authority for the modification requested by the debtors.

The Court then heard from several creditors, all of whom objected to the requested modification. The objecting creditors relied mainly on § 403(a) of the Bankruptcy Reform Act of 1978, which provides:

A case commenced under the Bankruptcy Act, and all matters and proceedings in or relating to any such case, shall be conducted and determined under such Act as if this Act had not been enacted, and the substantive rights of parties in connection with any such bankruptcy case, matter, or proceeding shall continue to be governed by the law applicable to such case, matter, or proceeding as if the Act had not been enacted.

■■■ The Court is of the opinion that § 403(a) was intended to protect the rights of creditors, and to allow the relief requested by the debtors would imperil those rights. For example, if the matters were dismissed and the debtors decided not to file under the Code then the creditors would have to scramble for position, after having expended time, money, and effort in bankruptcy proceedings lasting more than a year.

The Court is also mindful of the fact that even if the debtors' request for dismissal were made before the conversion the Court would not be able to dismiss their Chapter XI cases in the face of nearly unanimous objections from creditors. Rule 11–42 of the Bankruptcy Rules provides that, under circumstances as they exist in these cases, a case can be dismissed or the debtor adjudicated a bankrupt, whichever may be in the best interest of the estate. Since "best interest of the estate" necessarily includes the interests of creditors as well as the interest of the debtor in a case, the Court is of the opinion that in a case such as this, upon a debtor's request to dismiss and with

objections from almost all creditors, the Court must order the case converted to straight bankruptcy pursuant to Rule 11–42(a)(2). Such a conversion as opposed to a dismissal would, in these cases, be supported by the fact that from a bankruptcy point of view, the interests of the creditors in the estate outweigh the interests of the debtors therein.

Another problem that would arise if the debtors were given the relief they seek in a lapse in the period prior to the petition during which the debtors may have made fraudulent conveyances or preferences. Upon dismissal, the Court would lose jurisdiction and any transfers occurring prior to the original Chapter XI petitions would no longer be voidable. To alleviate this problem, the debtors would propose that the filing under the Code relate back to the filing of the Chapter XI petitions under the Act. This Court is not aware of any possible means of performing such a feat. And even if such a relation back were possible, the problem would still exist that the debtors might decide not to file under the Code.

The problem of the debtors' possible refusal to file under the Code cannot be alleviated by a conditional dismissal of the Chapter XI proceedings. This Court agrees with those United States District Court cases holding that conditional dismissals are not permitted where they would require the debtor to file a petition under the Code as a condition to dismissal under the Act. See *In re Ronald J. Parr, and Alfred Parr, Debtor,* 3 B.R. 690, 6 B.C.D. 19 (D.C.E.D.N.Y.1980); and *In re Geiger Enterprises, Inc., Debtor–in–Possession,* 4 B.R. 444, 6 B.C.D. 233 (D.C.W.D.N.Y.1980).

Another insurmountable obstacle is the fact that the debtors' instant motion was filed some 35 days after entry of the Order they seek to modify. Clearly the time for appeal from that Order had run when the motion was filed and the rights of the parties thereto had become fixed and final. This Court would be very hesitant to, in effect, set aside its own Order after such a length of time.

In conclusion, this Court can find no path that leads to the relief sought by the debtors that is not precluded by objecting creditors. This Court is of the opinion that it cannot order the relief requested over the strenuous and well–founded objections of creditors.

Accordingly IT IS ORDERED that the debtors' Application for Modification of Conversion Orders be and the same is hereby DENIED.