In re Randall Dean SCHULTE, Ollie Denise Schulte, Debtors,

v.

BENEFICIAL FINANCE OF KANSAS, INC., Defendant.

In re Richard Glen HUNTER, Sharon Kay Hunter, Debtors,

v.

BENEFICIAL FINANCE OF KANSAS, INC., Defendant.

Bankruptcy Nos. 79–11718, 79–11745.

United States Bankruptcy Court, D. Kansas.

Oct. 24, 1980.

---

Daniel S. Garrity, Wichita, Kan., for debtors.

Malcolm C. Black, Wichita, Kan., for defendant.

Richard L. Levine, Director and Counsel, Dept. of Justice, Washington, D. C., for the U.S.

John K. Pearson, Asst. U. S. Trustee, Wichita, Kan.

MEMORANDUM OF DECISION

JAMES A. PUSATERI, Bankruptcy Judge.

These proceedings arose from the debtors' applications to avoid nonpurchase-money, nonpossessory liens of a creditor pursu-

ant to 11 U.S.C. § 522(f). The creditor, in response to the debtors' applications, objects to the lien avoidance claiming that 11 U.S.C. § 522(f), if applied retrospectively, violated Fifth Amendment due process in taking property without a meaningful hearing and without compensation. As the separate debtor applications were against the same creditor and involved the same issue of law, the cases were joined for this decision.

Subsequent to the joining of issues, an opportunity was afforded the Attorney General of the United States, pursuant to 28 U.S.C. § 2403, to intervene and present legal briefs and argument on the presented question which could involve the constitutionality of 11 U.S.C. § 522(f).

The parties and the United States have submitted memoranda and the controversy is now ready for decision.

### FINDINGS OF FACT

The facts in these cases are not in dispute. The petitions for an order for relief were filed after October 1, 1979. The liens of the creditor are nonpurchase-money, nonpossesory liens on property of the debtors. Were it not for the liens the property would be unencumbered. The property is exempt pursuant to the request of the debtors made under applicable state and federal statutes. The liens therefore impair the debtors' entitled exemptions, a prerequisite to invoking 11 U.S.C. § 522(f). The loans giving rise to the liens were made both before the November 6, 1978 enactment date and the October 1, 1979 effective date of the Bankruptcy Code.

### ISSUE

Is 11 U.S.C. § 522(f) to be given retrospective effect from either the effective or enactment date of Title 11 of the United States Code?

### CONCLUSIONS OF LAW

The debtors and the United States, through the Executive Office for the United States Trustees, take the position that Article 1 § 8 of the Constitution of the United States has the effect of preemption of the field of bankruptcy and that the laws pertaining thereto passed by Congress supersede any state or other law to the contrary. The position is further taken that only states are prohibited by Article 1 § 10 of the Constitution from impairment of contracts while the federal government, through Congress, is not so constrained. cf. Hanover National Bank v. Moyses, 186 U.S. 181, 22 S.Ct. 857, 46 L.Ed. 1113 (1902). From these well-founded general concepts the debtors and intervenor conclude that what § 522(f) of Title 11 U.S.C. does is to merely alter a contract or at most deprive creditors of an insubstantial property right. They state that, since in many instances the property value to creditors in these cases is negligible, such value was not the basis of the creditor's bargain with the debtor. Thus, being insubstantial, it can be ignored. They also submit that any loss suffered through loss of security may be offset by the ability to share pro rata with unsecured creditors from the general estate. It is further argued that retrospectivity should be effectuated as § 522(f) has raised expectations of lien avoidance in the hearts and minds of the debtors and that this expectation should be honored.

The debtors and intervenor, in support of their theories, submitted a number of cases which can be generally categorized as follows. The Legal Tender cases: *Knox v. Lee* and *Parker v. Davis*, 12 Wall 457, 79 U.S. 457, 20 L.Ed. 287 (1870), and the Gold Clause cases: *Norman v. Baltimore and Ohio Ry. Co.*, 294 U.S. 240, 55 S.Ct. 407, 79 L.Ed. 885 (1935); *Nortz v. U. S.*, 294 U.S. 317, 55 S.Ct. 428, 79 L.Ed. 907; *Perry v. U. S.*, 294 U.S. 330, 55 S.Ct. 432, 79 L.Ed. 912, concern exercise of contract powers and of currency regulation granted Congress pursuant to Article 1 of the Constitution. In those cases, since the parties were dealing with legal tender or currency, it was essentially held that a substitution of one form of legal tender or currency for another was merely a substitution of equal items constituting legal tender as defined by Congress. Though as a commodity gold may have

greater value at one time than another, as legal tender, it has only such value as ascribed to it as specie. Other cited cases involve an impairment of contract, such as a delay in realization of a right, or takings for which compensation is required for partial destruction of property rights or exercise of police power. *Cf. Hadacheck v. Los Angeles*, 239 U.S. 394, 36 S.Ct. 143, 60 L.Ed. 348 (1915); *Portsmouth Co. v. U. S.*, 260 U.S. 327, 43 S.Ct. 135, 67 L.Ed. 287 (1922); *Miller v. Schoene*, 276 U.S. 272, 48 S.Ct. 246, 72 L.Ed. 568 (1928); *Wright v. Vinton Branch*, 300 U.S. 440, 57 S.Ct. 556, 81 L.Ed. 736 (1937).

The creditor, of course, disagrees with the conclusion drawn by the debtors and the United States. The creditor does not believe that impairment is a strong enough word to use when describing the effect of § 522(f) on its perfected lien rights. The creditor believes "extinguishment" is the more appropriate word. The creditor also believes its right is substantial enough to merit due process protection and concludes that the ability to share pro rata with unsecured creditors is not compensation for the loss of its security. It should be noted that the ability of a secured creditor to share with general creditors, should it give up its security or should it exercise its secured rights and have a deficiency, is not a newly granted right but existed under the Bankruptcy Act. Experience has shown that the right in a secured creditor of giving up its security and sharing pro rata with unsecured creditors has had a paucity of exercise. Further, though the debtors may have a hope of retrospective application, and thus lien avoidance fulfills this expectation, the creditor has a reasonable expectation that its perfected lien obtained before enactment of the new Bankruptcy Code would be honored and submits that it is this expectation which should be honored.

Having set forth the opposing theories of the parties, the Court now proceeds to resolution of the issue. As there is no contention that 11 U.S.C. § 522(f) is unconstitutional if applied prospectively, we are only concerned with whether it may apply retrospectively either from date of enactment or postponed effect.

As a general rule, courts abhor giving retrospective application to statutes. *Greene v. United States*, 376 U.S. 149, 84 S.Ct. 615, 11 L.Ed.2d 576 (1964); *Winfree v. Northern Pacific Railway Co.*, 227 U.S. 296, 33 S.Ct. 273, 57 L.Ed. 518 (1913). Another general rule of statutory construction is that a statute is to be construed so as to preserve its constitutionality where possible. Thus, if a statute may be construed two ways one of which preserves and one of which destroys its constitutionality, the former choice is to be made. *Wright, supra.*

The creditor herein has a perfected security interest giving it a lien on specific property of the debtors. This lien was freely and voluntarily given by the debtors, no contention to the contrary having been made. As defined by 11 U.S.C. § 101(28), such a lien is a charge against or an interest in property. The creditor therefore has a lien which is an interest or right in specific property. Property rights in both personal and real property are afforded protection pursuant to the Fifth Amendment. *Armstrong v. U. S.*, 364 U.S. 40, 44–46, 80 S.Ct. 1563, 1566–1567, 4 L.Ed.2d 1554 (1960); *Louisville Bank v. Radford*, 295 U.S. 555, 55 S.Ct. 854, 79 L.Ed. 1593 (1935); *Ginsberg v. Lindel*, 107 F.2d 721 (8th Cir. 1939). As the creditor has a property right subject to Fifth Amendment protection, to take that property right from the creditor without adequate compensation is a violation of a constitutional right afforded to that creditor. Though the debtors and the United States submit that the creditor has the ability to share in the general estate in exchange for its security, that right exists with or without such an exchange and denial of right to the creditor. In most instances the right to share in general assets of an estate is relatively valueless and certainly, even if it were newly granted, cannot be compared to retention of a right to collateral. In this instance, since it is not a newly granted right, the creditor has a right to its collateral and a right to claim as a general creditor for any deficiency between the val-

ue of that collateral and the obligation owed it. Under the circumstances, to say loss of collateral is compensated for by being allowed to continue as a general creditor is ludicrous.

 Having determined that the creditor has a property right entitled to due process protection, the question remaining to be resolved is whether or not the effective date or enactment date is the date beyond which lien avoidance denies due process. *Ettor v. Tacoma*, 228 U.S. 148, 33 S.Ct. 428, 57 L.Ed. 773 (1913); *Louisville Bank, supra*, hold that due process is denied if one is deprived of a pre-existing vested property right by enactment of law. Other cases stand for the proposition that parties are on notice of all provisions of a statute once enacted even though its effect is postponed. *North Laramine Land v. Hoffman*, 268 U.S. 276, 45 S.Ct. 491, 69 L.Ed. 953 (1925); *Diamond Glue Co. v. U.S. Glue Co.*, 187 U.S. 611, 23 S.Ct. 206, 47 L.Ed. 328 (1903); *McClure v. Oxford*, 94 U.S. 429, 24 L.Ed. 129 (1876). These cases, though they can be distinguished from the instant case since they deal with contract rights rather than property rights, would be supportive of lien avoidance from and after the November 6, 1978 enactment date. They do not, however, require that conclusion as other cases allow a postponed date, the effective date, to control. *U. S. v. Burr*, 159 U.S. 78, 15 S.Ct. 1002, 40 L.Ed. 82 (1895); *McElrath v. U. S.*, 102 U.S. 426, 26 L.Ed. 189 (1880). Where no time is set for a statute to go into effect and no constitutional or general statutory provision governs, a statute becomes effective on the day of its passage or enactment into law. *Robertson v. Bradbury*, 132 U.S. 491, 10 S.Ct. 158, 33 L.Ed. 405 (1889); *Lapeyre v. U. S.*, 17 Wall 191, 84 U.S. 191, 21 L.Ed. 606 (1872). Conversely, if a statute itself schedules a specific effective date, it is that postponed date and not the earlier date of enactment which controls. *U. S. v. Heth*, 3 Cranch 399, 7 U.S. 399, 2 L.Ed. 479 (1806).

Title 11 U.S.C. § 402 states at subsection (a):

*. . . except as otherwise provided in this title, this Act shall take effect on October 1, 1979.*

Title 11 U.S.C. § 522(f) which took effect on October 1, 1979 reads as follows:

*Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such a lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, . . .*

 It was pursuant to § 522 that the federal exemptions were created. Since the federal exemptions were not effective until October 1, 1979, no lien could impair them until that date. Any lien which would have the capacity to impair on October 1, 1979 would have been created in property pre-October 1, 1979. Newly enacted and effective exemption laws are inapplicable to existing creditors and cannot change their existing property rights. See *Bank of Minden v. Clement*, 256 U.S. 126, 41 S.Ct. 408, 65 L.Ed. 857 (1921). The 1910 Bankruptcy Act amendment which allowed the trustee to become the hypothetical lien creditor on the date of adjudication was held in *Holt v. Henley*, 232 U.S. 637, 34 S.Ct. 459, 58 L.Ed. 767 (1914), to have only prospective application. The Court in *Holt* would not allow impairment of existing lienholder rights. It was further stated that whether the power of Congress was limited or not, usual statutory construction confines a statute's affect to subsequently acquired property rights.

 The Court concludes that only those liens created subsequent to October 1, 1979 may be voided by calling upon the powers granted by 11 U.S.C. § 522(f). To allow those powers to be applied as of the date of enactment rather than the effective date would allow retrospective application and thus run headlong into the general rule against such application and again bring into focus due process denial and constitutionality as addressed above. The creditor's property rights vested at the time of the transaction. They cannot thereafter be denied without violation of the same constitutional right for the same reasons previously

set forth in this opinion. The legislative history indicates the delay between the enactment and effective dates was to enable the court structure to prepare for life under the new Code. Certainly, it is no less necessary to grant the same period to the citizenry to allow it some familiarity with and time for preparation for the sweeping change in this area before requiring compliance with statutes not yet effective.

The foregoing constitutes Findings of Fact and Conclusions of Law under Bankruptcy Rule 752 and Rule 52(a) of the Federal Rules of Civil Procedure.