**In re Spencer Jo WELLS, a/k/a Spencer Dodd, Debtor/Plaintiff,**

v.

**PERSON–TO–PERSON CITICORP and Security Industrial Bank, Defendants.**

**Bankruptcy No. 80 M 1443.**

United States Bankruptcy Court,
D. Colorado.

Dec. 29, 1980.

Edward I. Cohen, Denver, Colo., for debtor/plaintiff.

Henry V. Ellwood, Denver, Colo., for Security Industrial Bank.

## MEMORANDUM OPINION AND ORDERS

JOHN P. MOORE, District Judge.

THIS CASE arises upon Plaintiff's complaint under 11 U.S.C. § 522(f) seeking to avoid Defendants' nonpossessory, non-purchase money security interest in Plaintiff's household goods. Defendant Security Industrial Bank obtained their lien on June 13, 1979, about 3½ months prior to the effective date of the Bankruptcy Reform Act of 1978 (Pub.L. 95–598, codified as Title 11, United States Code) and over seven months after its enactment. Defendant maintains that since this lien arose before the Act's effective date, avoidance would be unconstitutional.

The issue of whether the Constitution allows § 522(f) to apply to liens arising during the "gap" between the effective and enactment dates is not a question of first impression in this District. In an opinion handed down November 4, 1980, another judge of this Court held that § 522(f) could be constitutionally invoked to avoid a lien arising in the "gap", *William Allen Seltzer v. General Finance Corporation,* case number 80 K 0696, 7 B.R. 80. While I might have reached a different result than that expressed in *Seltzer v. General Finance,* I have concluded that result should be followed. It is a venerable rule of Federal District Courts that "the various judges who sit in the same court should not attempt to overrule the decisions of each other * * * except for the most cogent reasons." *Rojas-Gutierrez v. Hoy,* 161 F.Supp. 448 (S.D.Calif., 1958). The basis for this intra-district comity is further explained by the court in *Rojas-Gutierrez,* 161 F.Supp. at 450, as follows:

> For some judges of co-ordinate jurisdiction to presume to overrule one another usually adds only unseemly conflict and confusion where certainty and predictability are most to be desired. The "overruling" decision settles nothing, and

more often than not serves only to compound uncertainty as to the correct rule to be followed.

Other cases citing the general rule that one judge should not overrule another of the same district are *Johns v. Redeker*, 406 F.2d 878 (8th Cir., 1969); *Equal Employment Opportunity Commission v. Union Oil*, 369 F.Supp. 579 (N.D.Ala., 1974); *White v. Baltic Conveyor Company*, 209 F.Supp. 716 (D.New Jersey, 1962); *Bartels v. Sperti*, 73 F.Supp. 751 (S.D.N.Y., 1947); and *Loegering v. County of Todd*, 185 F.Supp. 134 (D.Minn., 1960).

Mindful of this principle, and cognizant of the chaotic result that would obtain were the judges of this District to be divided on this issue, I have opted to follow *Seltzer*. Although I conceive the result to be one with which reasonable minds might well differ, I am not convinced the result was so erroneous that it should be "overruled"; however, I am particularly unwilling to establish this District as one in which the fate of a litigant's property rights depends upon the luck of the judicial draw. In the interests of uniformity and fairness and in accordance with Federal Court custom, I adopt the rule of *Seltzer v. General Finance. Loegering v. County of Todd, supra.* Accordingly, I hold that § 522(f) will apply to void a nonpossessory, non-purchase money security interest in household goods which arose after the enactment of the Bankruptcy Reform Act of 1978. It is, therefore,

ORDERED that Defendant's objection to constitutionality of application of § 522(f) is overruled, and it is

FURTHER ORDERED that the security interest claimed by Defendants be and it hereby is set aside and held for naught to the extent such security interest attaches to household goods.