In the Matter of DYNAMITE FOOD ENTERPRISES, INC., Bankrupt.

**Bankruptcy No. 78 B 540.**

United States Bankruptcy Court, E. D. New York.

Jan. 21, 1981.

H. Elliot Wales, New York City, for witness, Charles Katz.

Finkel, Goldstein & Berzow by Benjamin Finkel, New York City, co-counsel for trustee.

Marcus & Katz by Lawrence K. Katz, Mineola, N. Y., co-counsel for trustee.

## DECISION AND ORDER

SAUL SEIDMAN, Bankruptcy Judge.

The involuntary petition in this case was filed on March 16, 1978,[1] prior to the enactment of Pub.L. No. 95–598, 92 Stat. 2549 (1978) (Bankruptcy Reform Act of 1978) (Code), on November 6, 1978. The provisions of the Code made changes not only in the structure of the court but also in the substantive law and procedure regulating cases to be filed under the Code. Because of this, the *effective* date of the Code was fixed at October 1, 1979.[2]

In the instant case an officer of the bankrupt, Charles Katz, refused to testify at a continued first meeting of creditors held on September 18, 1980, asserting a privilege against self-incrimination. Although the case had been pending since March, 1978 he had not previously been called to testify.

At issue is whether the officer's duty to testify is governed by the law in effect when the case was filed, § 7(a)(10) of the Bankruptcy Act[3] or the procedure set forth under § 344 of the Bankruptcy Code[4], in effect on the date of examination. The latter position is urged by counsel for Mr. Katz.

The question presented involves the impact of the Code as to the examination of an officer of the debtor at the first meeting of creditors. In a pre-Code filing, is there an automatic immunity which would require Mr. Katz to respond to a proper examination, when the examination does not take place until after the effective date of the Code?—Or must the U.S. Attorney be requested to seek immunity of the witness by application to the district court, as required by § 344 of the Code pursuant to part V of Title 18 of the U.S. Code? The parties agree that but for the enactment of the Code, § 7(a)(10) of the Act would control and Mr. Katz would be required to submit to a proper examination. The trustee argues that the Code affords him a "new privilege against self-incrimination."

At first blush it would appear that the examination of a witness should be governed by rules of evidence. There should be consistent procedure in the actual trial of a case. The Congress would hardly have intended that in the day to day trial procedure, there be two sets of rules of evidence depending upon whether the petition was

---

1. A decree of adjudication was entered on March 26, 1980.

2. 11 U.S.C. 402(a) provides:
   "a) Except as otherwise provided in this title the Act shall take effect on October 1, 1979." Exceptions contained in 402(b)–(d) are not relevant to this issue in this case.

3. Section 7(a)(10) of the Bankruptcy Act provides in relevant part that:
   "a) The bankrupt shall ... (10) at the first meeting of his creditors ... submit to an examination concerning the conduct of his business ...; but no testimony or any evidence which is directly or indirectly derived from such testimony given by him shall be offered in evidence against him in any criminal proceeding ... "

Section 7(b) of the Act requires the officers, directors, and stockholders or any of them designated by the court to perform the duties imposed upon the bankrupt by the Act.

4. 11 U.S.C. § 344 provides that:
   "Immunity for persons required to submit to examination, to testify, or to provide information in a case under this title may be granted under part V of title 18." Part V of title 18 U.S.C. § 6001–6005 governs the granting of immunity generally to witnesses before federal tribunals. It requires that the U.S. Attorney for the district request immunity from the *district* court. This procedure eliminates the automatic grant of immunity contained in § 7(a)(10) of the Act.

filed before or after October 1, 1979. However, the Code radically changed not only the procedure but also the nature of first meetings of creditors. Whereas the Act required the meeting to be held in court in the presence of the bankruptcy judge, the Code merely provides for the debtor to appear at a meeting of creditors. 11 U.S.C. § 341. In addition, subsection (c) of § 341 actually mandates that "The court may not preside at and may not attend any meeting under this section." Under the Code, the § 341 meeting of creditors at which the debtor submits to an examination by creditors is no longer a *judicial* proceeding in the classic context, even though the witness is under oath. In this sense the Code does more than effect a change in a rule of evidence afforded an officer of a bankrupt (under the Act) or debtor (under the Code) corporation. Under § 7(a)(10) of the Act, immunity is automatic and the witness must testify. Under § 344 of the Code, only the district court may grant immunity and if immunity is not granted, the witness may still claim the privilege.

Of greater significance, § 403(a) of Title IV of the Code, Pub.L. 95–598[5] mandates that cases commenced under the Act[6] of 1898, *as to all matters and proceedings* be conducted "as if this Act (the Code) had not been enacted." Section 344 of the Code (11 U.S.C. § 344) limits its application to cases "*under this title*". (Emphasis added)

The intent of Congress regarding § 403 is expressed in the following excerpt from the House Report accompanying the bill:

5. Section 403(a) of Title IV of the Code Pub.L. 95 598 provides:
    "A case commenced under the Bankruptcy Act and all matters and proceedings in or relating to any such case, shall be conducted and determined under such Act as if this Act had not been enacted, and the substantive rights of parties in connection with any such bankruptcy case, matter or proceeding shall continue to be governed by the law applicable to such case, matter, or proceeding as if the Act had not been enacted."

6. The *determination as to which law applies* under § 403(a) hinges on when the case was "commenced". Section 1(13) of the Bankruptcy Act states: " 'Date of bankruptcy', 'time of

"Subsection (a) of this section similar to sections 276, 399, 526, and 686 of the Bankruptcy Act (added by the Chandler Act of 1938) continues cases pending as of the effective date of the bill *without a change. The new law will not affect cases commenced under the old law. Those cases will proceed as though the Act did not take effect. The Section applies to substantive as well as procedural matters*, to matters governed by Federal bankruptcy law as well as matters governed by State law." H.R.Rep. No. 595, 95th Cong. 1st Sess. 459 (1977); See also Rep. No. 989, 95th Cong. 2nd Sess. 166–167 (1978) U.S.Code Cong. & Admin.News 1978, 5787, 6414. (Emphasis added)

In *In re Parr*, 3 B.R. 691 (E.D.N.Y.1979), the bankruptcy judge in a pre-Code Chapter XI case, applied the provisions of the Code, 11 U.S.C. 1104, in the appointment sua sponte of a trustee. On appeal, the district judge held it improper to apply the Code provisions retroactively to a proceeding commenced prior to its effective date, October 1, 1979, stating:

"Section 403(a), Pub.L.No. 95–598, 92 Stat. 2549 of the new Bankruptcy Code clearly provides that a proceeding commenced prior to the effective date of the new Bankruptcy Code would remain unaffected by the new Code. Accordingly, it was error to apply the new Bankruptcy Code to this proceeding, and the order appealed from is reversed." *In re Parr, supra* at 692. *See also* related case

bankruptcy', '*commencement of proceedings*' or 'bankruptcy' with reference to time shall mean *the date when the petition is filed*." (Emphasis added) § 303(b) of the Bankruptcy Code provides that: "An involuntary case is commenced by the *filing with the bankruptcy court of a petition* under Chapter 7 or 11 of this title . . ." (Emphasis added) Thus, under both laws a case is commenced when a petition is filed. The petition of Dynamite Food Enterprises having been filed ("commenced") under the Act, it is of no relevance to § 403(a) that the date of adjudication and the date of the officer's examination happened to occur after the effective date of the Code.

*In re Parr,* 3 B.R. 690 at n. 1; *Guardian Mortgage Investors v. Unofficial Noteholders-Debentureholders Creditors Committee,* 607 F.2d 1020 at 1023–1024 n. 6 (2d Cir. 1979).

The court accordingly is without power to apply the provisions of Section 344 of the Code to the instant pre-Code case. The petition having been filed before the enactment of the Code, the provisions of § 7(a)(10) of the Act are controlling and Mr. Katz as an officer of the bankrupt corporation must submit to examination. He will have an immunity from criminal prosecution to the extent set forth in § 7(a)(10) of the Act.

This immunity is automatic and does not require an order of the court.[7] His refusal to submit to such an examination will justify a citation for contempt. It is

So ordered.

---

7. An absurd scenario can be imagined. Supposing Mr. Katz' examination started prior to October 1, 1979 and was not completed prior to that date. Could the immunity existing at the start of the examination be challenged as to his continued testimony given after October 1, 1979? The Congress could hardly have intended this result.