In the Matter of Ericka Nadine
BARNETT a/k/a Ericka
Nadine Rea, Debtor.

Ericka Nadine BARNETT a/k/a Ericka
Nadine Rea, Plaintiff,

v.

COMMODORE CONSUMER DISCOUNT
COMPANY and Robert G. Dwyer,
Esq., Trustee, Defendants.

Bankruptcy No. 80–00572.
Adv. No. 81–0044.

United States Bankruptcy Court,
W.D. Pennsylvania.

Sept. 23, 1981.

---

ORDER

WILLIAM B. WASHABAUGH, Jr.,
Bankruptcy Judge.

At Erie, in the Western District of Pennsylvania, this 2nd day of November, 1981, on consideration after hearing held February 24, 1981 on the Complaint of the debtor to avoid the lien of Commodore Consumer Discount Company filed July 27, 1979 in the Erie County Secured Transaction Docket No. 527091 against the debtor's household goods and furniture on the ground that said lien impairs the debtor's exemption rights under Section 522 of the revised Bankruptcy Code,

IT IS ORDERED, ADJUDGED and DECREED that the prayer of the foregoing Complaint, be, and the same hereby is, granted in respect to the lien of Commodore Consumer Discount Company and the debtor's household goods and furniture are released from the security interest of Commodore Consumer Discount Company perfected by a filing at Erie County Secured Transaction Docket No. 527091 on July 27, 1979 between November 6, 1978 when the revised Bankruptcy Code was enacted and October 1, 1979 when said Code became effective for the reasons and under the authorities referred to in paragraph 2 of

**2**

our Memorandum dated September 23, 1981 of which copy is hereto attached.

MEMORANDUM IN SUPPORT OF ORDERS ON CONSTITUTIONAL ASPECTS AND VALIDITY OF SECTION 522(f) OF THE REVISED BANKRUPTCY CODE PROVIDING FOR THE AVOIDANCE OF LIENS TO THE EXTENT THEY IMPAIR EXEMPTION RIGHTS PROVIDED IN SAID CODE

WILLIAM B. WASHABAUGH, Jr., Bankruptcy Judge.

■ We have arrived at the conclusions hereinafter set forth in respect to the operation and constitutionality of *Section 522(f)* of the Bankruptcy Code of 1978 providing for the avoidance of judicial and other liens to the extent they impair the exemption rights of debtors under *Section 522(b)* and *(d)* of said Code. In view of the exhaustive opinions filed in other Courts on said questions, the writing of extensive memoranda in elaboration of our conclusions would serve no useful purpose, and we therefore state them with approved supporting authorities as follows and direct that a copy hereof shall be filed in each of the proceedings in which Orders have been made on the subject and, unless we are persuaded to modify our views, in proceedings that come before us in the future in which said matters are involved:

1. The Congress intended the provisions of *Section 522(f)* permitting debtors to avoid the fixing of liens to the extent they impair an exemption to which they are entitled to apply retroactively in respect to liens obtained before the date on which the Code was signed into law by the President of the United States, November 6, 1978 and/or the effective date of said Code, October 1, 1979: *In re Rodrock,* 642 F.2d 1193 (10th Cir. 1981); *In re Ambrose,* B.L.D. ¶ 67,589, 6 B.C.D. 45 (Bkrtcy.N.D.Ohio 1980); *In re Paden,* 10 B.R. 206 (Bkrtcy.E.D.Pa.1981).

■ 2. The provisions are constitutional in respect to liens obtained or perfected during the so-called "gap period" between November 6, 1978 when the Act was signed and October 1, 1979 when it went into effect, and said liens may be pro tanto avoided as the creditor was on notice of the imminent right of the debtor to accomplish that result at the time they were obtained: *In re Bradford,* 6 B.R. 741, 3 C.B.C.2d 39 (D.Nev.1980); *In re Pockat,* 6 B.R. 24, 3 C.B.C.2d 1 (Bkrtcy.W.D.Wis.1980); *In re Alston,* 11 B.R. 184, 7 B.C.D. 894 (Bkrtcy.W.D.Tenn.1981); *In re Head,* 4 B.R. 521, 2 C.B.C.2d 366, 6 B.C.D. 489 (Bkrtcy.E.D.Tenn.1980); *In re Bruntz,* B.L.D. ¶ 68,020 (Bkrtcy.N.D.Iowa 1980); *In re Teske,* B.L.D. ¶ 67,844 (B.C.E.D.Va.1981); *U.S. Life Credit Corporation v. Steinart,* 4 B.R. 354, 2 C.B.C.2d 166, B.L.D. ¶ 67,457 (Bkrtcy.W.D.La.1980); and *In re Wells,* 7 B.R. 875, 7 B.C.D. 11 (Bkrtcy.D.Colo.1980). Contra: *In re Johnson,* 11 B.R. 909, 7 B.C.D. 1017 (Bkrtcy.D.Kan.1981); *In re Lucero,* 4 B.R. 659, 6 B.C.D. 477, infra. (Bkrtcy.D.Colo. 1980); and *In re Bibb,* 10 B.R. 40, B.L.D. ¶ 67,797 (Bkrtcy.E.D.Mich.1981).

■ 3. The referred to provisions of *Section 522(f)* permitting debtors to avoid liens are unconstitutional in respect to liens perfected before November 6, 1978 when the Code was signed by the President and enacted into law, and said liens may not be avoided under said Section:

a. Cases involving non-possessory, non-purchase money security interests in household furnishings and/or tools of the debtor's trade, etc: *In re Rodrock,* 642 F.2d 1193 (10th Cir.1981); *In re Lovett,* 11 B.R. 123, 7 B.C.D. 585 (W.D.Mo.1981); *In re Hawley,* 4 B.R. 147, 2 C.B.C.2d 80, B.L.D. ¶ 67,431, 6 B.C.D. 365 (Bkrtcy.Or.1980); *In re Pierce,* 4 B.R. 671, B.L.D. ¶ 67,651, 6 B.C.D. 484 (Bkrtcy.W.D.Okl.1980); *In re Jackson,* 4 B.R. 293, 2 C.B.C.2d 91, 6 B.C.D. 612 (Bkrtcy.D.Colo.1980); *In re Oldam,* 7 B.R. 124, 3 C.B.C.2d 290, B.L.D. ¶ 67,782, 7 B.C.D. 246 (Bkrtcy.N.Mex.1980); *In re Schulte,* 8 B.R. 12, 7 B.C.D. 231 (Bkrtcy.D. Kan.1980); *In re Parker,* B.L.D. ¶ 67,975 (Bkrtcy.M.D.Ala.1981); *In re Caroll,* B.L.D. ¶ 68,035 (Bkrtcy.E.D.N.Y.1981). See especially *Hoops v. Freedom Finance and Industrial Bank,* 3 B.R. 635, 6 B.C.D. 273 (Bkrtcy.

3

Colo.1980) where it was said (3 B.R. page 640, 6 B.C.D. page 276):

" . . . the Court recoils from the notion that dollar value is the measure of due process. A lien is a substantive property right for purposes of the Fifth Amendment. See *Armstrong v. United States* [364 U.S. 40, 80 S.Ct. 1563, 4 L.Ed.2d 1554 (1960)] *supra; Kuehner v. Irving Trust Co.,* 299 U.S. 445 [57 S.Ct. 298, 81 L.Ed. 340 (1937)] (1937). If the government destroys it in other than an emergency situation, it violated due process whether the collateral is worth $5 or $5 million."

Contra: *In re Boulton,* 4 B.R. 444, B.L.D. ¶ 67,403, 6 B.C.D. 233 (Bkrtcy.S.D.Iowa 1980); *In re Ambrose,* B.L.D. ¶ 67,589, 6 B.C.D. 454 (Bkrtcy.N.D.Ohio 1980); *In re Sweeney,* 7 B.R. 814, 3 C.B.C.2d 523, B.L.D. ¶ 67,834, 6 B.C.D. 454 (Bkrtcy.E.D.Wis. 1980); *In re Rutherford,* B.L.D. ¶ 67,534, 2 C.B.C.2d 728 (Bkrtcy.S.D.Ohio 1980); and *In re Joyner,* 7 B.R. 596, B.L.D. ¶ 67,819, 3 C.B.C.2d 436 (Bkrtcy.M.D.Ga.1980).

b. Judicial Liens—*In re Lucero,* 4 B.R. 659, 6 B.C.D. 477 (Bkrtcy.D.Colo.1980), supra, in which the Act was held unconstitutional in respect to liens obtained during the so-called "gap period" between the date of enactment and the effective date as to which we hold the law is constitutional under the authorities cited at proposition No. 2, supra, but we approve the reasoning of said case as applied to liens obtained before the passage of the Act as to which we conclude the provisions are unconstitutional in this proposition No. 3. Contra: *In re Clark,* 11 B.R. 828 (Bkrtcy.W.D.Pa.1981); *In re Jenkins,* 11 B.R. 958 (Bkrtcy.N.D.Ga. 1981); and *In re Burkholder,* Bk. No. 80–00220 (Bkrtcy.E.D.Pa. filed May 21, 1981). We are of the opinion also that general liens of judgments against all real estate of the debtor in the county in which entered are property rights of equal dignity with the liens against specific assets involved in *Louisville Joint Stock Land Bank v. Radford,* 295 U.S. 222, 55 S.Ct. 854, 79 L.Ed. 1593 (1934) and the cases following it referred to in Paragraph 3a. supra, in respect to their entitlement to the protections accorded all rights of property by the Constitution of the United States. Contra: *In re Ashe,* 10 B.R. 97 (Bkrtcy.M.D.Pa.1981).